## S. S. HUBBARD and wife et al. *v.* JAMES M. SELSER.

2. DEVISE—ESTATE FOR LIFE—REMAINDER—REVERSION.—Isaac N. Selser, in 1853, made his will, the fourth clause of which is as follows : "I give and devise to my sons, James M. Selser and Eugene A. Selser, and to their lawful children after their decease, jointly, the plantation whereon I now reside." At the death of the testator, both were minors and unmarried. Eugene died a minor and without children. James M. married and has children, and is still living. Eugene took an estate for life only, in the undivided moiety of the land devised, with a contingent remainder in fee to his children as purchasers. And as he never had any children, the remainder in said moiety consequently failed, and that part of the land devised reverted to the right heirs of the testators.

2. LIMITATION OF ESTATE—CONTINGENT REMAINDER.—In this case, although the estate is limited to the children after the death of their fathers, without words of limitation superadded, yet, under our statute they take the fee ; and this fee is limited by way of contingent remainder, and vests in the children as they come *in esse*, the estate to open and let in the children as they shall be born.

Error to the probate court of Hinds county.  HALL, J.

Plaintiffs in error assigned the following errors :

1st.  The court below erred in deciding that Eugene A. Selser, by the 4th paragraph of the will of Isaac N. Selser, took only a life estate in the lands in controversy.

2d.  The court erred in deciding that the defendant, Jas. M. Selser, took either for himself or his children, the estate of Eugene A. Selser.

3d.  The court erred in dismissing the petition of the plaintiffs in error.

*Harper & Shelby*, for plaintiffs in error.

The only controversy is the purely legal question arising on the purely legal construction of the fourth paragraph of the will of Isaac N. Selser, the ancestor of all the parties, and the controversy is between the heirs of Eugene A. Selser, claiming one-half the land, and James M. Selser, who claims, in behalf of himself and children, the whole.

This will was made and admitted to probate in Hinds county, in 1855, and at its date and probate both Eugene A. Selser and James M. Selser were unmarried minors, and Eugene A. Selser died in 1862, still an unmarried minor, and leaving no lineal heirs.  Hence the only question in contro-

versy is the proper legal construction and effect of the 4th paragraph, as above quoted. The will was made and admitted to probate in 1855, and must be governed by the statutes as found in Howard & Hutchison, and Hutchison's Code, in relation to devisees, and the common law. That James M. Selser took nothing by survivorship is clear, as "survivorship" between joint tenants was abolished by statute. Hutchison's Code, 614, § 12. And it is equally clear that he took an estate in fee simple in one-half of the lands by force of §§ 23, 24 of act of 1822. Hutchison's Code, 609 ; Howard & Hutchison, 348. Section 23 declares all estates devised, "fees simple," unless a less estate is limited by express words or by operation of law.

The rule in regard to the construction of such devises, and whether the devisee takes a fee simple or estate for life only, is laid down by Chancellor Kent. 4 Kent's Com., top p., 53. " If it distinctly appear to be the intention to give a greater estate than for life, as an estate to B, forever, or to him and his assigns forever, or to him and his blood, or to him and his successors, or to him and his children, such expressions . may create a fee in the devisee." Referring to Wilk's case, 6 Coke ; 16 Com. Dig., title Devisee, 4; 6 Harris & Johnson, 205 ; Davis v. Stephens 3 Douglass, 321 ; Johnson v. Johnson, 1 McKimbling S. C., 346.

The fact that the word " children " was used in the 4th paragraph, instead of " heirs," evidently misled the probate court; but he overlooked the fact that at the date of probate of the will there were no children *in esse*, who could take, and even if there had been, it is clear from the provisions of the above statutes, and also from common law authorities, as cited by Chancellor Kent, that a fee simple is created, and that such was the intention of the grantor.

*John Shelton,* on same side.

I insist that a fee tail was created by the 4th clause of said will, and was, by the operation of the statute, § 24, Hutch. Code, 609, at once converted into an estate in fee simple in

James and Eugene; and even if, in joint tenancy (which is not admitted), the right of survivorship never attached. § 12, Hutch. Code, 614.   But when Eugene died, leaving no descendants, his half descended to his half-brothers and sisters.   If, however, I am in error on this point, then I insist that the devise in said 4th clause, to said James and Eugene, without words of limitation of their estate, vested the fee simple in them by virtue of the 2d section of the statute, Hutch. Code, 669, and cut off all subsequent estates, remainders, etc., as, by the words used, a fee cannot be limited after a fee.   If the devise had been to James and Eugene in fee, but upon conditions, and upon failure of these, over to their children, it would have been within the rule.   2 Tucker's Com., 148; 4 ib., 269, 270.

*T. J. & F. A. R. Wharton*, for defendants in error.

We contend that all that is necessary to defeat the claim of the appellants, is to show that under the will of Isaac N. Selser, deceased, Eugene A. Selser acquired only an estate for life in the lands devised to him and James A. Selser.   We desire, however, the question decided, whether the remaining interest in the lands vested, on the death of Eugene A. Selser, in James M. Selser, or his heirs, or whether it reverted to the right heirs of Isaac N. Selser, deceased.   Unless the limitation over " to their lawful children " is defeated by sec. 24, of the Code of 1848, or under the operation of the rule in Shelly's case, James M. and Eugene A. Selser acquired only an estate for life.

It is clear that there was no intention in said will to invest either James M. or Eugene A., with a fee simple estate in these lands, and the case does not fall within the provisions of the 24th section of the Code of 1848.   See 2 Black. Com., 115.   It is manifest, from the language of the will, in the fourth clause, that the intention was that James M. Selser and Eugene A. Selser should each take only an estate for life, according to the proviso of the above 24th section.

There are but two modes whereby a person may acquire

property—by descent and by purchase. Here the parties took as purchasers, and the words in the will, " their lawful children," are to be construed as synonymous with the words, " heirs of his body." See 4 Kent, 215 ; McKenzie v. Jones, guardian, etc., 39 Miss., 230 ; Carroll v. Rensict, 7 S. & M., 799 ; Kirby v. Calhoun, 8 S. & M., 462 ; Powell v. Brandon, 24 Miss., 343 ; Hampton v. Rather, 30 Miss., 193 ; Harris v. McLauran, 30 Miss., 533 ; Jordan v. Roach, 32 Miss., 481 ; Carradine et al. v. Carradine, 33 Miss., 698.

*F. Anderson,* on same side.

The decision of this case depends on the construction of the fourth clause of the will of Isaac N. Selser, under the law existing in 1855. At that time, joint tenancy existed at common law, with all its rights and incidents, except only the right of survivorship, which was abolished in 1822, but now it can only be created where it manifestly appears from the tenor of the instrument. See, also, Jarman on Wills, 157, 158. Considering the language of the fourth clause of the will, then it is clear that James M. and Eugene A. Selser took, as joint tenants for life. See Jarman on Wills, above cited.

The real question is, whether Eugene A. took a life estate ; and upon this question there can be little doubt. Apply the ordinary rule of construction to the fourth clause, and its meaning is very plain. There is no ground for construing the word children as synonymous with the word issue. The word issue being sometimes a word of limitation, and creating an estate tail as being synonymous with " heirs of the body," while the word children, as employed in this case is always construed as a word of purchase, and gives the estate to them as purchasers. 2 Jarman on Wills, 65, 73; ib., 353, 354; 4 Kent's Com., 214, 220, 221, 222.

In many cases, the word " issue, " and the words " heirs of the body," have been construed to be words of purchase ; and in order to comply with the intentions of the testator, devisees, whether described as " issue " or " heirs of the body," or " children," become the root of a new inheritance, or the

stock of a new descent. 4 Kent, 221; Ld. Ch. Sugden , in Ryan v. Cowley, in 2 Jarman on Wills, 353, 354. We think it clear, from the context of this will, that . the testator intended to make the children jointly, of James M. and Eugene A. Selser the root of a new inheritance, or the stock of a new descent, whenever they should come into being, during the life-time of either of these devisees.

PEYTON, C. J.:

It appears from the record in this case, that Sidney H. Hubbard, and Hellen his wife, and Lyttleton H. Johnson, and Margaret his wife, filed their petition in the probate court of Hinds county, on the 6th day of May, 1867, for a partition of certain lands in said county among the heirs of Eugene A. Selser, deceased.

The petition alleges that the said Eugene A. Selser died intestate in the year 1862, sole, unmarried and without children, leaving no brother or sister of the whole blood surviving him, nor descendants of any, and leaving the following brothers and sisters of the half-blood, some on the part of his father, and others on the part of his mother, to-wit: James M. Selser, Letitia A. Rossman, Julietta S. Rossman, Grace A. Collins, wife of William T. Collins, Hellen Hubbard, wife of petitioner S. H. Hubbard, Margaret S. Johnson, wife of petitioner L. H. Johnson, Theresa L. Nailor, wife of D. B. Nailor, and Elizabeth Montgomery, wife of Spencer W. Montgomery.

That the said Eugene A. Selser acquired a fee simple title to an undivided half of certain lands in said. county, described in the petition, under the fourth item or paragraph of the will of his father, Isaac N. Selser, deceased, which was dated February the 11th, 1855, and admitted to probate on the 7th day of March, 1855, which item is in the words and figures following: "I give and devise to my sons, James M. Selser and Eugene A. Selser, and to their lawful children after their decease, jointly, with all the appurtenances thereto belonging, the plantation whereon I now reside," setting out a description of the lands.

That if said lands are held in joint tenancy with said James M. Selser, both being minors, unmarried and without children, no survivorship attached to him or his children on the death of the said Eugene A. Selser, but that the latter's undivided portion, on his death, descended to his said half-brother and sisters, as his heirs at law, in coparcenary.

On proof of notice, the petition was taken for confessed as to all the parties defendant thereto, except James M. Selser, who filed an answer, admitting the several allegations of the petition to be true, except such as relate to the construction of the said devise in the will of the said Isaac N. Selser, and denying that Eugene A. Selser acquired by said devise a fee simple title to the undivided one-half of the lands therein specified, and denying that any of the parties to said petition, except himself, had any interest or estate in any of said lands. That subsequently to the death of the said Isaac N. Selser, the respondent became a married man, and, at the death of the said Eugene A. Selser, had three lawful children. That, according to the intention of the testator, and the true intent and meaning of the devise, and the laws of this state, upon the death of the said Eugene A. Selser, his half of the land devised, vested in the respondent as survivor of the said Eugene A. Selser, or that the same vested in him for his life, with remainder over to his children in fee simple. And upon the final hearing of the cause on the petition, *pro confesso*, answer and proof, the court decreed that Eugene A. Selser took an estate for life only in the undivided half of the lands devised, with remainder to James M. Selser and his children, or it reverted to the right heirs of the testator; and because the petitioner, Hellen, was only a step-daughter of the testator, and not one of his heirs at law, and on the ground that none of the petitioners can recover upon the joint petition, which was the foundation of the proceedings, the court dismissed the petition. Hence the cause comes to this court by writ of error on the part of the plaintiffs below, who make the following assignments of error:

1st. The court below erred in deciding that Eugene A. Selser, by the fourth paragraph of the will of Isaac N. Selser, took only a life estate in the land in controversy.

2d. The court erred in deciding that the defendant, James M. Selser, took, either for himself or his children, the estate of Eugene A. Selser.

3d. The court erred in dismissing the petition of the plaintiffs in error.

There is no controversy as to the facts in this case, and the only question for our consideration involves the construction of the fourth item or paragraph of the will of Isaac N. Selser; which is as follows: "I give and devise to my sons, James M. Selser and Eugene A. Selser, and to their lawful children after their decease, jointly, the plantation whereon I now reside.

It is the general rule in the construction of wills, that the intention of the testator is the pole star to guide and govern the court, and this must prevail when ascertained, unless contrary to law. The difficulty of construing wills in any satisfactory manner, renders this one of the most perplexing branches of the law. To lay down any positive and definite rules of universal application in the interpretation of wills, must continue to be, as it has been, a task, if not utterly hopeless, at least of extraordinary difficulty. The unavoidable imperfections of human language, the obscure and often inconsistent expressions of intention, and the utter inability of the human mind to foresee the possible combinations of events, must forever afford an ample field for doubt and discussion, so long as testators are at liberty to frame their wills in their own way, without being tied down to any technical and formal language. It ought not, therefore, to surprise us, that in this branch of the law, the words used should present an infinite variety of combinations, and thus involve an infinite variety of shades of meaning as well as of decision.

The word " children " is, in a technical, as well as a general sense, used as a word of purchase; as a description of persons, and not as a word of limitation. If another meaning

is sought to be enforced upon it in a particular will, deflecting it from its general and appropriate sense, that must be made out by clear and unequivocal evidence. In the case under consideration, no such unequivocal evidence exists. On the contrary, every part of this clause of the will reads consistently, and full effect is given to every word in it by adhering to the technical and general sense.

It is contended on the part of the plaintiffs in error, that the rule in Wild's case, 6 Coke, 16, applies to this, and that Eugene A. Selser took an estate tail, which was converted into an estate in fee by our statute abolishing entails. It is true that by the rule in that case, a devise to one and his children, if he have no children at that time, gives him an estate tail. But such construction would defeat the clear intention of the testator, for it is very evident from the language of the will that after the decease of James M. Selser and Eugene A. Selser, their children were to take the estate in remainder, as purchasers, and this would be wholly defeated by applying the rule in the case above referred to, which by operation of the statute would give the entire estate to the said James and Eugene, and thereby defeat the ulterior limitation to their children.

In the case of Jeffery et al. v. Honeywood, 4 Madd., 211, 213, top page, the testator gave certain estates to his daughter Mary, the wife of T. W. Jeffery, and to all and every, the child and chidren, whether male or female, of her body lawfully issuing, and unto his, her and their heirs and assigns forever, as tenants. The question was, what estate Mary Jeffery was intended to take under the will of her father; whether for life, or as tenant in common in fee with her children. The vice-chancellor, in delivering his opinion, said: " I consider that there are two gifts, one to the mother, without limitation superadded, and another to her children, their heirs and assigns; and these two gifts can only be rendered sensible by construing, as the words import, a life estate to the mother, and a remainder in fee to the children."

In the case at bar, although the estate is limited to the

children after the death of their fathers, without words of limitation superadded, yet it is believed they take the fee under our statute, which provides that every estate in lands, which shall hereafter be granted, conveyed or devised, to any person or persons, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law. Hutch. Code, 609, § 23. This fee, however, is limited by way of contingent remainder, and vests in the children as they come *in esse;* the estate to open and let in children as they are born.

We think it very clear from the language of the will, that Eugene A. Selser took an estate for life only, in the undivided moiety of the land devised, with a contingent remainder in fee to his children as purchasers. And, as he never had any children, the remainder in said moiety consequently failed, and that part of the land devised, reverted to the right heirs of the testator.

It was held by Judge Story, in the case of Sisson et al. v. Seabury, 1 Sumner, 235, that a devise to one who had no children at the time, and to his male children lawfully begotten of his body, and their heirs forever, to be equally divided among them and their heirs forever, passes a life estate to him, with a contingent remainder in fee to his children. This case, and that of Jeffrey v. Honeywood above cited, fully sustain the construction which we have given to the devise in question.

It is insisted by counsel for the defendant in error that the defendant and Eugene A. Selser took an estate in joint tenancy under the will, and that upon the death of Eugene A. Selser, his brother, the defendant, took the entire estate devised by survivorship. However this may have been at common law, the *jus accrescendi*, or right of survivorship as an incident of joint tenancy has been abolished by statute in this state, which provides that if partition be not made be-

tween joint tenants, the parts of those who die first shall not accrue to the survivors, but shall descend or pass by devise, and shall be subject to debts, charges, courtesy or dower, and be considered to every other intent and purpose, in the same manner as if such deceased joint tenants had been tenants in common.   Hutch. Code, 614, § 12.

The decree of the court below, dismissing the plaintiff's petition, must be affirmed.