HENRY VAUGHAN, ADMINISTRATOR, ET AL. v. DOCTOR
BUNCH.

1. WILLS.   *Revocation of devise by codicil.   Alteration by codicil.   Construction of will and codicil.*

H., by the sixth clause of his will, devised certain land, part of M. plantation, and the rents due or to become due at his death to C., his granddaughter, to be held by her to her sole and separate use for and during her natural life, and at her death to go to her children, and if she should die leaving no children, to revert to H.'s estate. By the tenth clause of the will H. devised to F. and W., his sons, his E. plantation, with all mules, crops and other personal property and rents due or to become due, &c., to be held by F. and W. during their lives, "and may be disposed of by their will to any one or more of their children. If they or either of them should die leaving no will, then the property or share of such decedent shall be divided equally among all his children." About four months after the publication of the will, H. added a codicil to it, revoking that part of article sixth giving to C. part of M. place and the rents, and that part of article tenth giving to F. half of E. place and the bequest of half the rents of said place; and the codicil gave to C. all the share and interest in the E. place heretofore given by article tenth to F., except, &c., . . . to be held by her on the same conditions as the land heretofore given her by article sixth on the M. place, and the codicil devised and bequeathed to F. all the land and other interests on the M. place heretofore given by article sixth of the will to his granddaughter C.   *Held*, that by the tenth article of the will F. was invested with a life estate in the land devised, coupled with the right to dispose of it by will to any of his children. *Held further*, that the codicil did not vest in F. a fee-simple in the M. place, but that the tenth article is to be read as if the testator had erased E. place and inserted M. place in its stead, and F. held the M. place land according to article tenth of the will.

2. SAME.   *Construction of will and codicil.   Rules.*

In the construction of a will and codicils, which are parts of the will, the question is as to the intention of the testator, as deduced from the whole will and codicils.   Where the codicil shows the purpose of the testator to alter the will in one particular as to a devisee, there arises an implication that it was not intended by said codicil to change the will in any other particular as to said devisee.   And if it is the purpose of the testator to give the devisee a fee-simple in certain land by the codicil, in lieu of a life estate in other land given by the will, he must, in addition to indicating the change of the land devised, also sufficiently indicate the enlargement of the estate in the land.

APPEAL from the Chancery Court of Yazoo County.

Hon. THOMAS WALTON, Chancellor.

Doctor Bunch, as assignee of a note secured by a deed of trust, filed this bill in chancery against the administrators and widow and heir of Francis Vaughan, deceased, to foreclose the trust deed and sell the land embraced therein. The bill alleged that the note and deed of trust which are exhibits to the bill, were made by Francis Vaughan in his lifetime to Dyer and Stubblefield, who transferred the note and security to the complainant; that Francis Vaughan died intestate, before the note was due, leaving a widow, Anna M. Vaughan, and Francis Vaughan, a minor child; that Henry Vaughan and James H. Burrus have qualified as administrators of the estate of said Francis Vaughan; and that the personalty of the estate is not sufficient to pay the debts; and prays for sale of the land, and general relief.

The minor put in a formal answer by her guardian *ad litem.* The widow and administrators answered, admitting that the personalty of Francis Vaughan's estate is insufficient to pay the debts of the estate: but they deny that the lands embraced in said trust deed are liable to be sold for the payment of said note; and the said lands are lands given and devised to said Francis Vaughan by the last will and testament and codicils thereto of his father, Henry Vaughan, deceased; that said Francis Vaughan, under and in virtue of said last will, took and had only a life interest and estate in said lands; and that the interest of said Francis Vaughan in and to said lands did at his death absolutely cease and determine. The last will and testament of Henry Vaughan, deceased, duly probated and established, is made an exhibit to the answer.

The case was set for hearing on bill, answer and exhibits; and, on the report of the master to take and state an account, a final decree was rendered, condemning to sale the lands embraced in the trust deed, to satisfy the note, interest and costs. From that decree the defendants appealed to this court.

The question presented is as to the construction of those parts of the will of Henry Vaughan, and the codicil thereto, which are set out in the opinion of the court.

*Nugent & McWillie*, for the appellants.

The will and codicil vest in Francis Vaughan a life estate in the Madely plantation (which is the land embraced in the deed of trust), and not a fee-simple estate in said land.   1 Redfield Law of Wills, 432, 433, § 17, 1; id. 426, note 7; 2 id. 311; 1 id. 434, § 20; id. 430, §§ 14, 15; 2 Story's Eq. §§ 1401 *b*, 1401 *c;* 13 Ves. 445; 3 Sim. 71; 2 Russ. & Mylne, 355; *Prewett* v. *Lamb*, 36 Miss. 495; *Bradley* v. *Westcott*, 13 Ves. 445.

*Miles & Epperson*, on the same side.

*Garnett Andrews*, for the appellee.

Henry Vaughan, by the codicil, intended to give Francis Vaughan an estate in fee-simple.   This is evident from the language used.   Had he intended to limit the duration of the estate, he would have used fit words to do it: he did so as to Charlie Vaughan.   The general structure and provisions of the will show no idea of similarity of estates among the devisees.

*Hudson & Gwin*, on the same side.

It is evident that the testator's mind underwent important changes as to Francis after making his original will, in the interval of several months before he wrote the codicil.   He changed the property devised to him, and for this reason (the new property perhaps being less valuable) increased the estate in the land.   The codicil gave Francis the Madely land in fee; by it alone he holds title to said lands, and on the faith of that creditors dealt with him.   From the face of the will and codicils, Henry Vaughan was a clear-headed, intelligent and sensible man, well knowing what he did and how to do it; and his evident intention, by the codicil, was to confer a fee-simple estate in the Madely lands on Francis Vaughan.

CAMPBELL, J., delivered the opinion of the court.

The decision of this case involves an interpretation of the will of Henry Vaughan, deceased, to ascertain whether Francis Vaughan took a fee-simple or merely a life estate under the will of said decedent.   By the sixth clause of the will, certain land, being part of the testator's " Madely " plantation, and the rents due or to become due at the testator's death, were given to Charlie M. Vaughan, granddaughter of the testator; the land to be held by her to her sole and separate use " for and

during her natural life," and at her death to go to her children. If she should die leaving no children, the land was to revert to the estate of the testator, and be divided equally among all his children and the children of such as may have died. By the tenth clause was devised to Francis and William, sons of the testator, his "Exum" plantation, with all mules, crops and other personal property, and rents due or to become due on said plantation, &c., and certain personal property. This item of the will concludes in these words, viz., "This property is to be held by my sons Francis and William during their lives, and may be disposed of by their will to any one or more of their children. If they or either of them should die leaving no will, then the property or share of such decedent shall be divided equally among all his children." The date of the publication of said will is 28th September, 1869. On the 2d February, 1870, the testator added a codicil to said will, as follows, viz., "I hereby revoke all that part of article sixth of my will, giving to my granddaughter Charlie M. Vaughan certain portions of my Madely place, and the rents due or to become due thereon. I also revoke that part of article tenth of my will, giving to my son Francis Vaughan half of my Exum plantation. . . . I revoke also the bequest of half the rents of said place. I now give, devise and bequeath to my granddaughter Charlie M. Vaughan all the share and interest in the Exum place, heretofore given by article tenth of my will to my son Francis Vaughan, except, &c., . . . to be held by her on the same conditions as the land heretofore given her by article sixth on the Madely place. And I give, devise and bequeath to my son Francis Vaughan all the land and other interests on the Madely place heretofore given by article sixth of my will to my granddaughter Charlie M. Vaughan." It is clear that by the tenth article of the will Francis Vaughan was invested with a life estate in the land devised, coupled with the right to dispose of it by will to any of his children. The question is, did the codicil vest in Francis Vaughan a fee-simple in the Madely place, because the testator did not expressly declare that it should be held by the devisee on the same terms and conditions as those on which the Exum place was to be held by him? The argument

is, that as the testator declared expressly in the codicil that his granddaughter Charlie M. Vaughan should hold the interest in the Exum place, substituted by the codicil for the interest in the Madely place given to her by the sixth article of the will, " on the same conditions as the land heretofore given her by article sixth on the Madely place," and did not make such provision as to Francis Vaughan in reference to the interest in Madely, given to him by the codicil in lieu of an interest in the Exum plantation given to him by the tenth article of the will, it is therefore to be concluded that the testator had in mind the idea of the conditions on which the devisees were respectively to hold the lands, and that his failure to expressly prescribe terms and conditions on which Francis should hold Madely, indicates a purpose to give him Madely freed from all conditions and limitations, as contained in the tenth article of the will.

In this connection it is urged that the will shows that it was drawn with skill and deliberation, and that the testator knew exactly what he wanted to do, and used precise language to express his will; and it is claimed that it must be assumed that the expression in the codicil of the purpose of the testator that Charlie M. Vaughan should hold her substituted devise " on the same conditions as the land heretofore given her by article sixth; " and that the omission of such expression as to the devise to Francis was intentional, and designed to give Francis an interest in Madely freed from all conditions and restrictions.

The claim of skill, deliberation and precision for the writer of the will, as manifested by it, is just. But it may appropriately be asked, if the testator had in mind the particular thought of subjecting the devise to Charlie M. Vaughan, by the codicil to the conditions contained in the sixth article, and of freeing the devise by the codicil to Francis from the conditions and limitations contained in the tenth article, which devised to him the interest in the Exum plantation, why did he not expressly declare that Francis should take Madely absolutely and unqualifiedly? If in making the codicil the intent was to enlarge the estate of Francis to a fee-simple, why not say so, and avoid all room for doubt?

It was certainly a matter of sufficient importance to have engaged the testator's attention, and to have induced a precise expression of his wish that Francis should take the substituted devise, in a way different from that contained in article tenth of the will.   It is true that, if the codicil was an independent instrument, it would vest Madely in Francis in fee-simple; but the codicil is part of the will, and is to be read as such, and so construed as to make it harmonize, if possible, with the purposes declared in the body of the will, and particularly with the purpose indicated by the will as to Francis Vaughan. And as the codicil shows the purpose of the testator to alter the will in one particular, there arises an implication that it was not intended to change it in any other particular as to Francis.   *Quincy* v. *Rogers*, 9 Cushing, 291; 1 Redfield on Wills, 353, 354, § 16.

The question is as to the intention of the testator, as deduced from the whole will and codicils, and it is clear that he meant to alter the tenth article only so far as to give Francis the Madely place instead of the Exum place, except his interest in the three-eighths excepted from the Exum plantation. He said, " I also *revoke* that part of article tenth of my will giving to my son Francis Vaughan half of my Exum plantation," &c.   He revoked *that part*.   He did not revoke any other part of article tenth.   It remained, except as to its devise of the half of the Exum plantation; and the codicil substitutes the Madely place for the Exum, and the tenth article is to be read as if the testator had erased the Exum and inserted the Madely plantation in it.

The revocation by the codicil of article tenth was not as to the object of the testator's bounty, or the terms on which it should be held, but only as to its subject-matter.   The body of the will fixes the ·person and the terms of holding.   The codicil substitutes a different thing to be thus taken and held. Otherwise, it would result that Francis held the half interest in the three-eighths excepted from the Exum plantation on terms different from those on which he held the Madely place; and the manifest purpose of the testator, pervading his will, will have been thwarted, and he who evinced intelligence, deliberation and care in the construction of his will must be

pronounced to have lost his cunning ; for if his purpose was to give Francis a fee-simple by his codicil, in lieu of a life estate by the tenth article of his will, he did not sufficiently indicate it. *Holder* v. *Howell*, 8 Ves. Jr. 97 ; 1 Redfield on Wills, 352, 353, 359, 360, § 26, and authorities there cited. It is in harmony with the general scheme of the testator, as indicated by his will, and with his purpose as to his devise to his son Francis, to hold that the codicil did not enlarge the estate of ·Francis, or vary the terms of his holding, but merely substituted one tract of land for another, the substituted land to be held according to article tenth of the will.

The decree is not in accordance with this view, and it is reversed, and demurrer to bill sustained and bill dismissed.