# Florence Danforth Newcomb, By, Etc. v. Herman D. Newcomb.

(Decided February 20, 1923.)

## Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. **Deeds—Estates and Interests Created.**—A deed from H. D. Newcomb to named trustees which conveyed in trust real and personal estate "First, for the separate and exclusive use and benefit of Florence Ward Newcomb (his daughter-in-law) and her children during her life. Secondly, in case of the death of said Florence *leaving no living issue* all the said property shall pass to and vest in the said H. Victor Newcomb (husband of Florence) if living, but if he should then be dead all the said property shall pass to and become a part of the residuary estate of the first party," was properly adjudged by the chancellor to have vested the fee simple title to the entire trust estate at the death of Florence Ward Newcomb in her son and only surviving child.

2. **Deeds—Particular Words or Terms—Construction.**—That the above construction gives to the deed the meaning intended by the grantor is made clear by a second deed subsequently executed by him to the same trustees, in which it is declared that the property conveyed by the first deed should be held by them in trust *"for the issue* of the said Florence W. Newcomb *if she should die leaving issue living at her death."*

3. **Deeds—Particular Words or Terms.**—The term "issue" in its primary signification imports children, and it is a secondary meaning by which it has been made to include the issue of issue in an indefinite descending line. While it is susceptible more naturally than "children" of including all descendants, its primary sense is certainly that of *direct* issue. It may be used either as a word of purchase or of limitation, but it is generally used both by the testator and grantor as synonymous with child or children. And as such was the meaning intended to be given the term "issue" by the two deeds considered in this case, the chancellor did not err in holding that the two grandchildren of Florence W. Newcomb, deceased, were not entitled under those deeds to share with her son and their father in the trust property thereby conveyed.

4. **Deeds—Trusts—Per Stirpes.**—If, however, it could properly be said that as used in the two deeds the word "issue" was intended to include the grandchildren as well as the son of Florence W. Newcomb, under the laws of this state the issue would take the trust estate *per stirpes;* that is, by representation as under the

statute of descent and distribution, in which event it would go to the son to the exclusion of the grandchildren.

SHACKELFORD MILLER, JR., for appellant.

ALEX. G. BARRETT and BARRET, ALLEN & ATTKISSON for appellee.

Opinion of the Court by Judge Settle—Affirming.

This action in equity was brought in the court below by Herman D. Newcomb against the Fidelity and Columbia Trust Company, John Churchill Newcomb and Florence Danforth Newcomb, seeking a construction of two duly recorded deeds executed June 3, 1871, and April 21, 1873, respectively, by H. D. Newcomb and wife to J. L. Danforth and H. Victor Newcomb as trustees; and, also, to have the trust created by them adjudged terminated and Herman D. Newcomb declared entitled to the entire trust estate thereby conveyed, freed of the trust. John Churchill Newcomb and Florence Newcomb both being infants, the former over and the latter under fourteen years of age and neither having a statutory guardian, curator or committee, the court appointed a guardian *ad litem* to represent them, the one appointee to act for both infants.

The grounds upon which the relief sought by the plaintiff in the action was asked, were set forth by the averments and prayer of paragraph 1 of the petition, accompanied by the filing therewith, as exhibits, of certified copies of the two deeds submitted for construction. As paragraph 2 of the petition, which dealt with another trust unconnected with that mentioned in paragraph 1, was dismissed without prejudice in the court below on the plaintiff's motion, the question intended to be presented by that paragraph was not considered or passed on by the court.

The infant defendants and their guardian *ad litem* filed a general demurrer to paragraph 1 of the petition, which the court overruled. They excepted to this ruling and refused to plead further; thereupon the case was submitted upon the petition and exhibits for final determination and the court by the judgment rendered granted the plaintiff in the action the entire relief prayed in paragraph 1 of the petition. From that judgment the infant, Florence Danforth Newcomb, and her guardian *ad litem* were granted and are prosecuting the present appeal.

The defendant, John Churchill Newcomb, who, as appears from the record, became twenty-one years of age after the submission of the case and before the rendition of the judgment, having declined to unite with Florence Danforth Newcomb and the guardian *ad litem* in the appeal, was made a party thereto as appellee. In order to properly understand the nature of the interest asserted by each of the parties to the action, in the estate, real and personal, conveyed in trust by the deeds in question, it will be necessary to explain that H. D. Newcomb, the grantor in the two deeds, was the father of H. Victor Newcomb, one of the grantees therein; that Florence Ward Newcomb, chief beneficiary for life of the trusts created by the deeds, was the wife of H. Victor Newcomb; that the appellee, Herman D. Newcomb (plaintiff in the court below), is the son and only surviving child of H. Victor and Florence Ward Newcomb, two others born to them having died in infancy without issue; that the appellee, John Churchill Newcomb, and appellant, Florence Danforth Newcomb (defendants in the court below), are the only children of the appellee, Herman D. Newcomb; and that the latter and his two children named are the only living descendants of Florence Ward Newcomb. H. D. Newcomb, grantor in the two deeds mentioned, died shortly after the execution of the second deed, H. Victor Newcomb about 1915, and Florence Ward Newcomb in 1919.

It appears from the record that the trust imposed upon J. L. Danforth and H. Victor Newcomb by the deeds was accepted by them, but that the former died in 1881, and was succeeded by George L. Danforth as trustee. That H. Victor Newcomb resigned as trustee in 1909, and was succeeded by Charles F. Smith as trustee, whose death in 1917 was followed by the resignation of George L. Danforth and the appointment and qualification of the appellee, Fidelity and Columbia Trust Company, as sole trustee under the provisions of the two deeds, in which capacity it has since continued to act. The several above mentioned appointments were made by the Jefferson circuit court under authority conferred by the two deeds, in actions brought for that purpose by the parties in interest.

It will be unnecessary to consider the provisions of the two deeds that controlled the administration of the trust during the life of Florence Ward Newcomb. The only question we are required to decide is, whether or not the

two children of the appellee, Herman D. Newcomb, viz., the appellant, Florence Danforth Newcomb, and the appellee, John Churchill Newcomb, are entitled to share the trust estate created by the deeds with the father, which question must be determined by and from the meaning of the provisions of the two deeds quoted below.

By the deed of June 3, 1871, H. D. Newcomb, the grantor, conveyed certain valuable real and personal property therein described to J. L. Danforth and H. Victor Newcomb as trustees upon the following trusts:

"First, for the separate and exclusive use and benefit of Florence Ward Newcomb and her children during her life. Secondly, in case of the death of said Florence leaving no living issue all the said property shall pass to and vest in the said H. Victor Newcomb if living, but if he should then be dead all the said property shall pass to and become a part of the residuary estate of the first party."

It will be observed that while the foregoing clause of the first deed provides that in the event of the death of Florence Ward Newcomb "leaving no living issue," the entire trust estate should "pass to and vest in" H. Victor Newcomb, neither in that clause nor elsewhere in the deed is it expressly declared what disposition should be made of the remainder in the property if Florence Ward Newcomb should die "leaving issue living at her death." So for the purpose of removing any doubt that might arise respecting the disposition of the trust estate intended by the grantor in the event Florence Ward Newcomb should die leaving issue he executed, April 21, 1873, the second deed, styled in the record a "deed of correction." This deed, after reciting that its object was the removal of the doubt referred to, substantially declared it the intention of the grantor in executing the original deed that it should, in the event of the death of Florence Ward Newcomb survived by issue, direct the trustees to hold the property conveyed "in trust for such issue with all the powers therein given."

In addition to thus declaring the purpose of the first deed, the grantor proceeded by the second deed to convey the trustees in the following terms the interest he supposed had not been disposed of by the first deed:

"To be held by them in trust for the issue of the said Florence W. Newcomb if she should die leaving issue living at her death, but if she should die leaving no issue living at the time of her death, then the property shall pass as is provided in said deed of June 3, 1871."

It was alleged in the petition and adjudged by the chancellor that the appellee, Herman D. Newcomb, as the only surviving child of Florence Ward Newcomb, took at her death the fee to the whole of the trust estate conveyed by the two deeds in question, which, if true, necessarily terminated the trust created by them and entitled him to an immediate conveyance of the same by the appellee, Fidelity and Columbia Trust Company, present trustee as further adjudged by the chancellor. On the other hand, the guardian *ad litem* for the appellant, Florence Danforth Newcomb, raising the question by demurrer to the petition, contended in the court below and now insists, that under the provisions of the two deeds referred to, she and her brother, the appellee, John Churchill Newcomb, upon the death of their grandmother, Florence Ward Newcomb, became, and now are, entitled to share the trust estate equally with their father, the appellee, Herman D. Newcomb. That is to say, that the three take it as tenants in common, an undivided one-third each. This contention rests, of course, upon the assumption that the word "issue" as used in each of the deeds includes in its meaning the grandchildren as well as the children or, as in this case, a child of Florence Ward Newcomb living at the time of her death.

It therefore becomes necessary to determine the meaning of the word "issue" as used in the two deeds for the purpose of ascertaining who is entitled to take the trust estate after the death of Mrs. Newcomb. Manifestly, if "issue" in the sense in which it is employed in the two deeds means children, undoubtedly the appellee, Herman D. Newcomb, as the only living child of Florence Ward Newcomb, must be held entitled to take the entire trust estate; and that such was the meaning intended to be given it by the parties to the two deeds is fairly apparent from the language of both instruments when the purpose of the grantor in making the conveyances is duly considered. Evidently that purpose was to provide for a beloved daughter-in-law and her children, for the only consideration stated in each of the deeds was the affection therein expressed by the grantor for her and her children. The word "children" as well as the word "issue" is used without apparent difference of meaning in the first deed and there is nothing in the second deed, which was executed merely to provide for a *casus omissus* in the first deed, that gives a meaning to the word "issue" differing in any respect from that given it in the first.

There is abundant authority to the effect that issue is usually held to mean children. In Redfield on Wills, part 2, footnote 5, page 38, it is said:

"It seems to us that the term 'issue' in its primary signification, imports children, and that it is a secondary meaning by which it has been made to include the issue of issue in an indefinite descending line. It is susceptible more naturally than 'children' of including all descendants; but the primary sense certainly is that of *direct* issue; and it is only in a secondary sense that it also includes remoter descendants, as the issue of issue. The greatest authority in American law, Chancellor Kent (4 Comm. 278), in note, says: 'The term issue may be used either as a word of purchase or of limitation, but it is generally used by the testator as synonymous with child or children;'" and we must confess the opinion of the learned commentator seems to us to be founded in truth and that it will be found to be borne out by experience.

The meaning given the word "issue" by the eminent law writers mentioned has been adopted in this jurisdiction and among the cases approving it are Moore v. Moore, 12 B. Mon. 651, in which it was declared: "Issue in common parlance, and as used generally by the community, signifies the immediate descendants—children."

It will likewise be found that in numerous cases decided by this court such words as "issue" and "heirs of their body" have been declared to have been used in the sense of children. Quigley v. Quigley, 161 Ky. 85.

The two deeds involved in the instant case when considered together will readily be understood. In the first deed the trust created was declared to be for the benefit of "Florence Ward Newcomb and *her children* during her life," and the fact that the trust estate at her death would pass to her surviving issue (*i. e.*, child or children) clearly resulted by implication from the language of that deed providing that if she died "leaving no living issue" all the property should pass to her husband, H. Victor Newcomb. It would seem, therefore, that the second deed was unnecessary. However, it does in express terms and without in fact altering its meaning explain what was impliedly shown by the first deed respecting the disposition to be made of the remainder in the trust estate, viz., that it should be held "in trust for the issue of said Florence Ward Newcomb, if she should die leaving issue at her death."

If the word "issus" as used in the two deeds should be held to include all of Florence Ward Newcomb's descendants living at her death, that is, her son Herman D. Newcomb and grandchildren, John Churchill Newcomb and Florence Danforth Newcomb, then under the laws of this state they would not take the trust estate *per capita,* but *per stirpes,* that is, by representation as under the statute of descent and distribution, in which event the appellee, Herman D. Newcomb, would still take the whole trust estate. This was held in Smith v. Thom, 158 Ky. 655; Bethel v. Major, 24 R. 298, to be the rule of law in this state. The same rule, as will be found from an examination of the cases cited below, seems to have met with approval in various other jurisdictions: Jackson v. Jackson, 153 Mass. 374; Henderson v. Henderson, 64 Md. 185; Rhode Island Hospital Trust Co. v. Bridgham, 106 Atl. 149; Petry v. Petry, 175 N. Y. S. 30.

It is therefore apparent from the authorities, *supra,* that whether the word "issue" as used in the two deeds offered for construction in this case, be held to mean child or children, or as including all descendants of whatever degree, under either construction the appellee, Herman D. Newcomb, was and is entitled under them to the whole of the trust estate described therein. As the infant appellant and her guardian *ad litem* have not appealed from that part of the judgment terminating the trust created by the deeds, that question need not be considered. Finding that the judgment of the chancellor conforms to the conclusions we have expressed, it is hereby affirmed.