## COMMISSIONER OF INTERNAL REVENUE v. SHARP et al.

### No. 6203.

Circuit Court of Appeals, Third Circuit.

Aug. 4, 1937.

See, also, Sharp v. Commissioner of Internal Revenue, 91 F.(2d) 802.

James W. Morris, Asst. Atty. Gen., Sewall Key, Carlton Fox, and Edward H. Horton, Sp. Assts. to Atty. Gen., for petitioner.

Wm. Barclay Lex, of Philadelphia, Pa., (Hepburn & Norris, of Philadelphia, Pa., of counsel), for respondents.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

There are two petitions for review of the decision of the Board of Tax Appeals, one by the Commissioner and the other by the taxpayer in the nature of cross-appeals. They were argued together but it will contribute to clarity to dispose of them separately. The taxpayer is the estate of Walter P. Sharp, deceased. His executors returned as his taxable estate property the assessed tax upon which was $9,855.58. The controversy here presented began with a notice from the Commissioner under section 308 (a) of the Revenue Act of 1926 (44 Stat. 75) of a tax deficiency claim of $48,483.88 followed by a petition of the executors to the Board of Tax Appeals for a redetermination of this deficiency claim. The Board found a deficiency in the sum of $13,532.12. From this the Commissioner has taken his appeal to this court, which appeal we now take under consideration. The petition for review assigns for error two findings of the Board which may be presented in the form of two questions:

1. Whether the proceeds of an insurance policy (here policy No. 81384 Mutual Life Assurance Company of Worcester, Mass.) on the life of the insured but made payable to a beneficiary, not the decedent

nor his estate, should be included in the taxable estate of the decedent?

2. Whether property which had been transferred by the decedent as a gift within two years of his death should be included in his gross taxable estate?

█ The only fact statements needed to a ruling of the questions raised are, as to the first, that the decedent died March 13, 1926, with such a policy outstanding and in force and that the designation of the beneficiary was not revocable by the insured either alone or jointly with the beneficiary. The Commissioner concedes that the point of law raised has been ruled by this court. Pennsylvania Co., etc., v. Commissioner (C.C.A.) 79 F.(2d) 295. In addition to this a certiorari was denied by the Supreme Court. Helvering v. Pennsylvania Co., etc., 296 U.S. 651, 56 S.Ct. 310, 80 L.Ed. 463. This would end discussion except that it is urged upon us that the cited case was ruled without the case of Helvering v. City Bank Farmers' Trust Co., 296 U.S. 85, 56 S.Ct. 70, 80 L.Ed. 62, having been called to the attention of this court. It is not pretended that the City Bank Case would have ruled the Pennsylvania Case nor is it controlling in the instant case. Congress has ordained that a policy, the beneficiary of which may be changed by the insured, is to be included in the insured's gross taxable estate, although the consent of the beneficiary was likewise necessary. Beyond this, however, it had not gone in 1926. Counsel for the respondent would seem to be of opinion that all life insurance policies should be taxed as part of the estate of the insured. However this may be, all the City Bank Case rules is that a policy, the beneficiary of which may be changed by the insured jointly with the beneficiary, is to be included in his gross taxable estate. A case nearer in point, and upon which the Commissioner leans for support, is that of Chase National Bank v. United States, 278 U.S. 327, 49 S.Ct. 126, 73 L.Ed. 405, 63 A.L.R. 388. If, however, that case rules this, it would have ruled the Pennsylvania Case. Indeed, the Chase Bank Case was cited in the dissenting opinion in the Pennsylvania Case as ruling it. If the Supreme Court had thought the Pennsylvania Case was in conflict with the City Bank Case, certiorari would not have been denied. The Pennsylvania Case is controlling.

██ The answer to the second question turns upon a fact finding. If the transfer was made "in contemplation of death," the property included in the transfer should be returned as taxable; otherwise not. There was voluminous evidence directed to this question, including the testimony of numerous witnesses. The Board found with the taxpayer. We agree with this finding, but, even if we had reached a different conclusion, there would be no justification for our refusal to accept the finding made, as there was ample evidence to support it. Counsel for the Commissioner recognize the rule thus invoked but seek to escape its application by what is in effect distinguishing between the finding of evidentiary facts and the ultimate fact finding to be deduced therefrom. There is such a distinction. What we have called evidentiary facts are to be found from the testimony and other evidence. Ultimate facts are reasoned conclusions drawn from the evidentiary facts thus found. They are, however, likewise fact findings. The ultimate fact in the instant case is that the transfer was or was not made "in contemplation of death." It is urged upon us that the Board has failed to make such finding, and in consequence this court is bound to accept only the evidentiary facts found. We think otherwise. The Board has made the required finding.

The assignments of error are overruled and the appeal of the Commissioner dismissed.