EVERETT *et al. v.* DOCKERY.

(In Banc. January 12, 1948. Suggestion of Error Sustained in Part, February 9, 1948.)

[33 So. (2d) 313. No. 36634.]

See 33 So. (2d) 832.

Neill, Clark & Townsend, of Indianola, for appellant, Arthur B. Clark, guardian ad litem for Dockery minors.

**Everett & Sanders**, of Indianola, for appellants, the Cherry minors.

Wells, Wells, Newman & Thomas and **Wm. N. Ethridge, Jr.**, all of Jackson, for appellee, Joe Rice Dockery.

**J. W. Dulaney,** of Tunica, for appellee, Mrs. Frances Dockery Cherry.

**Griffith, J.**, delivered the opinion of the court.

During the times hereinafter mentioned Mr. W. A. Dockery was a highly successful planter in the Mississippi Delta. He owned two large plantations in Sunflower County, together with considerable other property in this and in other states. On March 19, 1921, he made his will in holographic form. At that time two of his children, Frances and Joe Rice, were living and were unmarried. The only other child had died while yet a lad, and the testator's wife had died some years before. On August 1, 1930, Mr. Dockery added a codicil to his will. At the latter time the daughter Frances had married but had no children. The son, Joe Rice, was still unmarried.

The present litigation grows out of the paragraph in the will, together with the codicil, which is as follows:

The will: "I will to Frances my only darling daughter the Dockery or home plantation, being all lands in 22-4 Sunflower Co. Miss. including the Sims tract together with ½ the mules & feed on said place. This gift however is for her & her children & is not subject to sale nor does her husband acquire any interest in this land at all. I will to Joe Rice my darling boy the land on Long Lake in 23-4 Sunflower Co. Miss. & ½ the mules and feed on Dockery place. This gift is on same terms as I gave his sister, that is, not subject to sale or mortgage but to him and at his death to his children. Should either child die without issue, the surviving child or child's children shall inherit the property of the other."

The codicil: "I made my will Mch 19/21 & things have changed a lot since and this is a codicil to it. Instead of Frances taking the Dockery place I want Joe to have it & Frances have the Lake Place, and I want the Sims place & Durham (place 141 & 120 acres) given to my friend & Manager H. G. Jett. I am on my way to New Brunswick & may not come back."

The questions are, first did the son and daughter take each an estate in fee simple to the property devised to

them respectively by the quoted paragraph, or did they take each a life estate with remainder over; and, second, did the codicil operate to work any change in that respect.

It seems to us quite plain that the devise to Joe Rice was of a life estate only. The words are "to him and at his death to his children". We see no real difference between this language and that used in Hubbard v. Selser, 44 Miss. 705, which was "I give and devise to my sons James and Eugene and to their lawful children after their decease . . . the plantation whereon I now reside",—and it was held that the sons took a life estate and no more.

And inasmuch as the testator states in language that could scarcely be made to mean, within reason, anything else than that the devise to the son is on the same terms as that to the son's sister, which, taken together, is that the devise to the son's sister is on the same terms as that to the son, it follows that the devise to Frances is one for life and not in fee simple.

These conclusions are strengthened by the use of words restrictive of the power of sale or mortgage which would be inoperative if a fee simple title was intended, as Mr. Dockery, although not a lawyer, must have known as a matter of general business sense. And we think he made his intention to create a life estate only in his son and daughter further manifest by the express provision that "Should either child die without issue, the surviving child or child's children shall inherit the property of the other,"—a provision appropriate to a cross-remainder, and inconsistent with a fee simple title in the son and daughter.

As to the second question, we are of the opinion that the codicil did not change and was not intended to change the nature or quantum of the estate which the son and daughter were to take under the will, but was simply to interchange the property which each was to take. On this inquiry we think Vaughan v. Bunch, 53 Miss. 513, is

sufficiently in point, and that Joiner v. Joiner, 117 Miss. 507, 78 So. 369, may be consulted with interest.

Sometime about the month of October 1935, or about fifteen months before the death of Mr. Dockery, which occurred on December 29, 1936, the daughter Frances was obliged to undergo a surgical operation, as a result of which she was advised by the surgeon in charge that she would never have a child of her own. No child had theretofore been born to her. Mr. Dockery was present when the operation was advised and he was informed what the result would be, and when further informed by his daughter that it would be the purpose of the latter to adopt a child or children, Mr. Dockery encouraged her to do so and stated that to him her adopted child or children would be the same as if her own by birth. After Mr. Dockery's death, the daughter Frances did adopt three children, the decrees of adoption being such as to confer upon them all the rights of inheritance which would belong to children born of her body. The third question is whether these adopted children would take, under the cross-remainder provision above quoted, upon the death of Frances.

That provision, to quote it again, is "should either child die without issue, the surviving child or child's children shall inherit the property of the other." The question is, then, may adopted children be brought within the term "issue". In Jordan v. Roach, 32 Miss. 481, it was said that the term "issue" unless clearly restrained by the will is to be interpreted as comprising all who may claim as descendants. In Page on Wills, 3d Ed., Sec. 1027, it stated that issue is a word whose primary meaning in the absence of anything to show a contrary intention is that of legitimate lineal descendants indefinitely. It does not include an adopted child unless the context shows that it was meant to include such a child. See also Underhill on Wills, p. 910 et seq. and Jarmon on Wills, 6th Ed., 1590.

We think it was correctly stated in Newcomb v. Newcomb, 197 Ky. 801, 248 S. W. 198, with ample citation of the authorities, that the term "issue" in common parlance and as used generally by the community signifies lineal descendants,—and certainly adopted children are not lineal descendants. See also 69 C. J., pp. 195-201. Inasmuch as this was a holographic will by a non-professional testator, we must take care to interpret his language in accordance with what is meant in common parlance, and we must therefore hold that by the quoted term was meant lineal descendants and not adopted children—not those made children by process of law but those made so by nature.

Reversed and remanded.

### On Suggestion of Error.

**Alexander, J.,** delivered the opinion of the court on suggestion of error.

The suggestions of error reargued the issues decided in our opinion. We have re-examined these matters carefully and find no occasion to amend the views there expressed.

It is suggested, however, by the appellees, that by our reversal of the cause we impliedly displaced the decree of the chancellor, who, by upholding the will, adjudged the title to the property covered by the residuary clause and otherwise. This, of course, was not so intended, but this phase of the decree was obscured by the emphasis placed upon the issues relating to the title to the Dockery and Long Lake Plantations, and the status of the adopted children of Mrs. Cherry.

To correct this omission and confine our decision and order solely to the issues last mentioned, we hereby amend our order so as to affirm the chancellor's decree in all respects except as to these two issues involving the Dockery & Long Lake Plantations and the status of the aforesaid adoptees.

Sustained in part.