We also think it was error for the court to exclude
the lease offered by the plaintiff. While the lease would
not estop the defendants from defending in ejectment
after the expiration of the lease, under the authority
of *Wilson* v. *Peacock,* 111 Miss. 116, 71 So. 296, still it
was admissible as an admission of the title in the ap-
pellant at the time of the making of the lease, and should
have gone to the jury, as any other admission against
interest by a party to the suit, for whatever it was
worth.

We think it was error, also, to give the second in-
struction for the defendants, as this instruction seems
to assume that the corner of the Cooper survey was
the correct corner.

For the errors indicated, the judgment is reversed
and the cause remanded.

*Reversed and remanded.*

JOINER *v.* JOINER.

[78 South. 369, Division B.]

1. WILLS. *Construction. Codicil.*
    In construing a will and codicil, it is the duty of the court to ascer-
       tain the controlling intention of the testator, and in arriving at
       the testator's intention, effect should be given as far as possible
       to all the provisions of the will and codicil, read as one docu-
       ment.

2. WILLS. *Revocation. Codicil.*
    A devise contained in a will should not be upset unless the words
       employed in the codicil show a manifest intention to revoke the
       gift contained in the will, or unless such intention to revoke is
       necessarily inferable from the words of the codicil.

3. WILLS. *Construction. Codicil.*
    A codicil must be construed as a part of the will to which it refers
       and to which it is an addition or supplement.

4. WILLS. *Construction. Codicil. "In lieu of."*

    Where a will after devising certain described property to testator's wife, devised by, "item three" to testator's son "all of the remainder of my real and personal property undisposed of herein," and afterwards by a codicil to his will the testator devised his residence to his wife and certain described real estate not disposed of in the original will to two nephews and then recited that testator changed "item three" of the original will, and "in lieu thereof" devised to testator's son certain described real property. In such case the effect of the codicil was to devise to the son the property specified in the codicil in lieu of a general devise of the real estate under the residuary clause of the will, leaving the residuary devisee of personal property to the son unchanged, for the expression "in lieu thereof" may or may not mean total substitution, according to circumstances and the other language employed.

5. SAME.

    By such a construction of the codicil a partial intestacy is prevented and the primary purpose indicated by the testator in the introductory clause of his will, of making full disposition of all his property is carried out.

APPEAL from the chancery court of Leflore county. HON. JOE MAY, Chancellor.

Suit between Dorsey A. Joiner and Mrs. N. R. Joiner to construe a will. From the decree rendered, Dorsey A. Joiner appeals.

The facts are fully stated in the opinion of the court.

*Whittington & Osborne,* for appellant.

There can be no dispute that item 2 of the codicil is inconsistent with and repugnant to at least a part of item 3 of the original will. What rules of construction govern when there are inconsistent and repugnant clauses? This is the important question presented for determination in this cause. There is no dissent in the authorities over the proposition that inconsistent and repugnant clauses or provisions must be construed so as to harmonize and give effect to each of them where possible. 40 Cyc. 1416. The inconsistent clause and

the repugnant provision in the codicil and in the original will has reference only to the land bequeathed to the appellant under item 3 of the original will. We simply ask that effect be given to both the codicil under which the appellant is deprived of land bequeathed to him in the original will, and the will under which the appellant is entitled to the personal property bequeathed under item 3 of the original will.

We respectfully submit that the learned counsel for the appellee have not cited any authority whatever that would aid this court in construing the inconsistent or repugnant provisions in the will and codicil. They admit that the rules of construction stated in our brief are fundamental and elementary and are the rules that should obtain, and they further admit that while these rules and principles govern the construction of wills and codicils generally, yet they make the marvelous statement that they have no bearing or application on the disposition of the case at bar. What peculiar attribute does the will and codicil in this case possess that it should be excepted from the universally admitted rules of construction? There can be but one answer. If these well-recognized rules of construction are to obtain, then the appellee's contention is incorrect and this case must be reversed. Let us say, in passing, that the authorities mentioned by the appellee in our humble judgment are not in point; they have no application to wills and codicils where there is an inconsistency or even apparent repugnancy. We have no fault to find with the quotation from 40 Cyc., page 1394, for the intention of the testator is manifest. He bequeathed all of his personal property not otherwise disposed of in item 2 of the original will to the appellant. That bequest has never been revoked. It is true that the entire bequest in item 3 of the original will was partially revoked, but under the authorities mentioned in our brief when the testator alters or changes his will in one particular

there arises an implication that it was not intended to change or alter the will in any other respect. *Vaughn* v. *Bunch,* 53 Miss. 518; 1 Jarman, page 180.

It is certainly the law that a will will be construed so as to avoid partial intestacy and so as to uphold the will and the citation from Cyc. is certainly not against this proposition, for it says that a construction cannot be asked which would destroy the manifest intention of the testator or the positive law of the case.

*Vannerson* v. *Culbertson,* 10 S. & M. 150, is not against the construction for which we contend. We quote from this case relied upon by appellee.

Again, learned counsel for the appellee greatly stress the case of *Marshall, Executor,* v. *Handley,* 25 Atl. 325. If they had gone a little further with the quotation made, we are inclined to think that this case would have shed some light and have been of some benefit in construing the inconsistent provisions in the instant case.

We simply ask that this court do what the very authority relied upon by the appellee says that it is authorized to do, and so to construe the will as to give effect to both the codicil and item 3 of the original will.

We repeat to emphasize, that the bequest of the lands in item 3 of the will is revoked by the subsequent inconsistent disposition in item 2 but we insist that the disposition of the personal property was not revoked, and that no disposition, inconsistent or otherwise, was made of the personal property in the codicil. In other words, the actual change whatever the language used, was only in reference to the lands, and in this connection we ask the court to re-read when construing the words "in lieu of" pages 7 and 8 of our brief.

Item 3 of the will was supplanted and replaced only so far as it was changed by item 2 of the codicil. The following matters and undisputed proposition will, in our humble judgment, lead the court to the conclusion that this case must be reversed:

1.   The fact that the testator in the introductory clause of his will stated that he desired to dispose of all his earthly possessions, is a determining factor.

2.   The further fact that he did dispose of all of his property ought to be convincing.

3.   A codicil confirms rather than revokes a will and re-publishes the same, being different from a subsequent will.

4.   A codicil only revokes a will to the extent necessary to give effect to the codicil.   The two must be construed as one instrument.

5.   Inconsistent provisions must be construed to give effect to both where they can be harmonized.   40 Cyc. 141.   The construction must obtain which upholds the will and avoids partial intestacy.

6.   The will will not be disturbed further than to give effect to the codicil.

7.   An expressed intention altering the will in one respect shows that there is no implied revocation in other respects.

8.   The courts will not favor an interpretation that revokes a devise once given, and under a codicil there can be no revocation beyond the clear unquestioned import of the language used.

There is an inconsistency between the disposition of the land in the codicil and in the will.   There is no inconsistency or repugnancy between the two as to the disposition of the personality.   The two can stand together so as to sustain both the will and the codicil.

*Gardner, McBee & Gardner,* for appellee.

We agree with eminent counsel for appellant that there can be no dispute that item 2 of the codicil "is inconsistent with and repugnant to at least a part of item 3 of the original will."

The fact of it is, item 2 of the codicil repudiates and was intended to repudiate, item 3 of the will.   We shall ask the indulgence of this court for repeating once more

what the testator said in item 2 of the codicil. This codicil provides as follows: "I desire to change, and do hereby change item 3 of my said last will and testament, dated the 18th of February, 1915, and, in lieu thereof, hereby give and devise to my said son, Dorsey Joiner, what is known as the R. L. Portwood place, consisting of forty acres, at or near Sunnyside, Leflore County, Mississippi."

If the English language could express an intention to replace item 3 of the last will and testament, in stronger language than that used in this codicil of this will, we should like for counsel to advise us. Where the testator said, "I desire to change, and do hereby change item 3 of my said last will and testament, dated the 18th of February, 1915, and in lieu thereof, hereby give and devise, etc."

He certainly meant, if he meant what he said, that the provision made in the codicil was intended to be in substitution of, and for, the provision made for his son in item 3 of the will. To hold otherwise, it does occur to us, would be to give to this codicil a meaning and intention that is at variance to, and directly opposite to, the plain language used by the testator.

It is refreshing to notice the answer that able counsel makes to our reference to the meaning of the words "change" and "in lieu thereof" as construed time and again by the various courts of last resort, which have been grouped and expressed in "words and phrases." It is no answer to these authorities which we have quoted, for learned counsel to say:

"We believe that the supreme court has at least some faint conception of the meaning of the plain and simple Anglo-Saxon word 'change,' and we are likewise of the opinion that even without the aid of 'words and phrases' the supreme court of the state of Mississippi has some idea as to what is meant by the words 'in lieu of.' "

We submit that this is a very poor answer to our reference, and we quite agree with counsel that the supreme court of the state of Mississippi has some idea as to the meaning of these words, but, if there is anything elementary, it is that in construing wills, as this court has said in the case of *Tucker* v. *Stites,* 39 Miss. 196.

"That the words used in a will are to be construed in their plain and natural sense, unless a different intention be manifested by the context." It is for this reason that we quoted "Words and Phrases," to show how other supreme courts construed these simple words, and thought it might be of assistance in this case.

The truth of the business is, that there is nothing in this codicil to be construed, as the codicil construes itself, that is, if the words used are to be accorded their "plain and natural sense."

With just one other reference we shall close, as we do not care to worry this court with any further citations of authorities, for your honors do not need authorities to tell you the meaning of the plain, simple language that was employed by the testator in this codicil. It will not do for our able counsel to suggest to this court what a hardship his client might endure or suffer should this codicil not be construed as he would have you construe it, for this court has said, as we have heretofore quoted in the *Crosset case,* 7 So. 207:

"Where a devise bears its own clear interpretation upon its face, the supreme court cannot bend it to meet the exigency of any hardship that may arise from giving it that construction which will accomplish the testator's intention."

To give to this codicil the meaning that counsel would have you to give it, would be not to construe this codicil, but to make one, and to give to appellant all of the personal property at the expense of appellee, who we

117 Miss.—33.

submit, is not responsible for any devise that may have been made by the testator.

STEVENS, J., delivered the opinion of the court.

From a decree of the chancery court of Leflore county construing the will and codicil of J. P. Joiner, deceased, appellant, a son of the testator and one of the devisees in the will, prosecutes this appeal.

The testator executed his last will and testament in February, 1915, and on October 21, 1915, executed a codicil. In August, 1916, the testator died, leaving his wife, Naomi Ruth Joiner, and his son, the appellant herein, as his only heirs at law. Dorsey A. Joiner is a son by a former marriage. It would appear that the testator owned two plantations, known as the Upper Holly Grove Plantation and the Lower Holly Grove Plantation, and that he also owned forty acres of land known as the Portwood Place. He owned personal property situated on the two plantations and elsewhere. The original will and codicil presented for construction read as follows:

"Last Will and Testament of J. P. Joiner, Deceased:

"I, J. P. Joiner, of Leflore county, Mississippi, being of sound and disposing mind and memory, over the age of twenty-one, (21) years of age, conscious of the uncertainty of life, and being desirous of making a will by which to dispose of my earthly possession, do make, publish and declare this to be my last will and testament.

"Item 1. I desire first that all my just debts and funeral expenses shall be paid.

"Item 2. I hereby give, devise and bequeath to my beloved wife, Naomi Ruth Joiner, the following real and personal property, to wit: What is known as the Upper Holly Grove plantation, in Leflore county, Mississippi, consisting of about five hundred and sixty (560) acres, said land being that bought from Percy Ray and

wife, and all the horses, wagons and farming imple-
ments; in fact, all the personal property now on said
place, forty acres, at or near Sunnyside, before . . .

"Item 3. I give, devise and bequeath to my son,
Dorsey Joiner, all of the remainder of my real and per-
sonal property undisposed of herein, to J.
J. Church, and I appoint as executrix of this will my beloved wife,
Naomi Ruth Joiner, and hereby release her from giving
any bond as such executrix," said . . .

"In witness whereof I have signed, published and
declared this instrument as my last will and testament
in said county, this the 12th day of February, 1915.
Witnesses: We, the undersigned witnesses, here-
by sign as subscribing witnesses, at the request of the
above-named testator, J. P. Joiner, and have signed in
his presence and in the presence of
each other. This the 18th day of February, 1915.

"A. F. GARDNER."

"Last Will and Testament of J. P. Joiner, Deceased,
Codicil
I, J. P. Joiner, of Leflore county, Mississippi, being
of sound and disposing mind, and over the age of twenty-
one years, and desiring of making a codicil to the will
heretofore executed by me on the 18th of February,
1915, do make, publish and declare this codicil to said
last will and testament of said date, to wit:

"Item One. I give and devise the residence land
grounds attached thereto, now occupied by me and
my wife in Leflore county, Mississippi, consisting of
some . . . of five acres, to my said wife, Mrs. Naomi
Ruth Joiner, . . . forty acres at or near Sunnyside, con-
sisting of forty acres at or near Sunnyside.

"Item Two. I desire to change, and do hereby change
item three of my said last will and testament, dated
the 18th of February, 1915, and . . . thereof, hereby

give and devise to my said son, Dorsey Joiner, what is known as the R. L. Portwood place, consisting of about forty acres, at or near Sunnyside, Leflore county, Mississippi.

"Item Three. I hereby give and devise to my nephew, J. J. Church, and my nephew, Ben L. Joiner, what is known as the Lower Holly Grove place, consisting of about seven hundred acres, in Leflore county, Mississippi, to share equally, said property being that heretofore devised by me to my said son, Dorsey Joiner.

"In witness whereof, I have signed, published and declared this instrument as a codicil to my last will testament, dated the 18th of February, 1915, on this the 21st day of October, A. D. 1915.

J. P. JOINER.

"Witnesses: We, the undersigned witnesses, hereby sign as subscribing witnesses, at the request of the above-named testator, J. P. Joiner, and have signed in his presence, and he in ours, and all in the presence of each other, this the 21st day of October, A. D. 1915.

"A. F. GARDNER.
"R. C. McBEE."

It will be observed that in the original will the testator disposes of all of his personal property. The codicil makes no reference whatever to personal property. In item 3 of the original will appellant is given "all the remainder of my real and personal property not disposed of herein." In item 2 of the codicil the testator says:

"I desire to change and do hereby change item 3 of my said last will and testament . . . and in lieu thereof hereby give and devise to my said son, Dorsey Joiner what is known as the R. L. Portwood place, consisting of forty acres at or near Sunnyside, Leflore county, Mississippi."

Appellee, the widow, filed her petition, asking for a construction of the will and codicil and particularly item

2 of the codicil, and claims that as to the personal property bequeathed in item 3 of the will the testator died intestate, or, in other words, that item 2 of the codicil revokes the devise of the personalty as originally made in item 3 of the will. Appellant answered the petition, taking issue with Mrs. Joiner upon her construction of the will, and contending that the will and codicil should be so construed as to prevent a partial intestacy as to the personal property bequeathed in item 3 of the original will, and that the primary object and purpose of item 2 of the codicil is simply to alter the devise of real estate. The primary question, then, for decision is whether J. P. Joiner died intestate as to the personal estate bequeathed in item 3 of the will. The chancellor ruled that the codicil revoked the devise of the personalty to appellant, and that as to said personalty J. P. Joiner died intestate, and the same descended to his heirs at law.

In construing the will and codicil, it is the duty of the court to ascertain the controlling intention of the testator; and, in arriving at the testator's intention, effect should be given as far as possible to all the provisions of the will and codicil, read as one document. A devise contained in the will should not be upset unless the words employed in the codicil show a manifest intention to revoke the gift contained in the will, or unless such intention to revoke is necessarily inferable from the words of the codicil. In the present case appellant is the only son, is one of the two heirs, and the natural object of testator's bounty. In the original will, the son by item 3 was made the residuary legatee and devisee of both personal and real estate. The testator had two nephews, neither of whom is mentioned in the original will. It appears that the codicil serves more than one purpose in this case. By item 1 of the codicil the mansion house of the testator is devised to his wife. By item 3 the Lower Holly Grove plantation,

consisting of about seven hundred acres, is devised to the two nephews, W. J. Church and Ben L. Joiner. So far the codicil changes the original will, and that without dispute. The only controversy and the only doubt arises from a construction of item 12 of the codicil. In our judgment it is significant that the testator does not say in item 2 of the codicil that he revokes item 3 of the original will. His statement is: "I desire to change and do hereby change item 3." Much stress is laid by counsel for appellee upon the language "in lieu thereof." It is contended that this language is plain and unambiguous, and that the particular devise in the codicil revokes the general residuary clause in item 8 of the will. If this contention is sound, then the testator failed to make disposition of his personal property, and a partial intestacy is produced. It is altogether improbable that the testator by this codicil intended to revoke his gift of personalty to his son. The introductory clause of both the will declares that the testator is "desirous of making a will by which to dispose of my earthly possessions." The testator started out to make a full and complete disposition of his property. In his original will he accomplished this result. The case is not without difficulty; but in construing the codicil it must be construed as a part of the will to which it is attached, or to which it refers. A codicil is defined as an addition or supplement to a will, and, unless it shall contain express words of revocation applicable to all existing wills, it does not work a revocation, except to the precise extent that the intention of the testator as it is contained and expressed in the codicil is irreconcilable and inconsistent with this intention as it has been expressed in the will. Every effort should be made to reconcile the provisions of all the writings and to give effect to them, or, to speak with more precision, to the various parts of the same instru-

ment." *Underhill on Wills*, vol. 1, p. 343. Again it is stated by Mr. Underhill on page 342: "It is well settled that a gift stated in clear and unambiguous terms in a will cannot be revoked or cut down by ambiguous terms or uncertain language in a subsequent will or codicil." and in other respects the will "In a close case, we believe we are aided by these elementary rules of construction and that they assist us in arriving at the true intention of the testator. It should be remembered that the very office of the codicil is primarily not to revoke a will altogether, but simply to modify, change, or alter the original will, and that a codicil reaffirms and republishes the will. The codicil and will are construed together as one instrument and in the light of these rules of construction it would appear in the case at bar that the purpose of item 2 of the codicil was to devise to appellant a specific forty acres of land in lieu of a general devise of real estate under the residuary clause. It is the holding of our court in *McGhee v. McGhee* 74 Miss. 386, 21 So. 2, that: "Where a devise or bequest in a will is clear and free from doubt, the intention to revoke by a codicil must be equally clear and explicit in order to work a revocation."

And in one of the cases cited with approval by our court in the McGehee Case is *University v. Pinckney*, 55 Md. 365, holding that on this construction of a codicil "all the cases agree." In Jarman on Wills, vol. 1, p. 179, it is said:

Again, in *Deo d. March v. March*, where by will an estate was devised to A. in fee, and by codicil instead of that devise the estate was given to A. for life, with alternative contingent remainders to her children and her collateral relations which failed, A. was held entitled to the fee, instead of the devise in the will being read instead of so much of it only as was incompatible with the codicil, and the codicil not dis-

posing of the ultimate fee. And where a trust fund, which by will was given to the children of A. living at a stated period, with a power of advancement in the trustees, was by codicil 'in lieu of such disposition' given to the children of A. living at a different period, and in other respects the will was confirmed, it was held that the power of advancement was not revoked."

Under this authority the expression "in lieu thereof" may or may not mean the total substitution according to the circumstances and the other language employed. See, also, on this point Schouler on Wills, vol. 1, par. 437; Theobald on Wills (7th Ed.), p. 750. And in Underhill on Wills, vol. 1, par. 251, it is said:

"The provisions of the later will or codicils will prevail over those of the former, but only so far as they are inconsistent and irreconcilable with them."

A case in point is *In re Estate of Chas. Sigel, Deceased,* 213 Pa. 14; 62 Atl. 175, 1 L. R. A. (N.S.) 397, 110 Am. St. Rep. 515, holding as indicated by the headnotes:

"A gift once made by will is not to be cut down by a subsequent codicil, unless the intention of the testator to that effect appears clearly or by necessary implication.

"The right of an heir under a clause in a will directing the residue to be divided between testator's heirs is not cut down by a subsequent codicil giving him a specific legacy, 'and no more.' "

In that case the codicil read:

"I give to my sister, Matilda Sigel, of Kirchheim, Germany, Mary Schmidt, of East Orange, N. J., and Mary Schudt, of West Seneca, N. Y., each one thousand ($1,000) dollars, and to Gus Schudt, my nephew, two thousand ($2,000) dollars, and no more."

The court by POTTER, J., among other things, said:

"All three legatees were heirs at law of the testator, and, in the absence of the codicil, would have been en-

titled to share in the distribution of his estate under the residuary clause of his will. . . . Appellant claims that this construction of the will is erroneous, and that, by the use of the words 'and no more' in the codicil, the testator expressed his intention that the amounts there given should be all that the legatees named should receive, and that the residue of his estate should be divided among his remaining heirs, to the exclusion of the three named in the codicil. In such a case as this, where a will and codicil are to be construed, the rule is well settled that they must be regarded as parts of one and the same instrument, and that the codicil is not to be allowed to vary or modify the will, unless such was the plain and manifest intention of the testator. . . . We cannot accept the view that the words 'and no more' in the codicil clearly and necessarily apply to the provisions of the will and cut down the gift there made. To apply them only in limitation of the amounts named in the codicil as additional gifts seems to us quite as much in line with the probable intention of the testator as the other suggestion."

Within the spirit of the authorities mentioned, we can safely paraphrase the language of the testator in item 2 of the codicil as follows:

"I desire to alter item 3 of the original will by making a specific devise of real estate in place of the general devise to my son in the original will, and in lieu of the disposition made of the remainder of my real estate in item 3 I hereby devise to my son the Portwood place, consisting of about forty acres," etc.

So understood, the codicil leaves intact the disposition which the testator made of his personalty, prevents a partial intestacy, and accomplishes the primary purpose indicated by the testator in the introductory clause of his will; that is, of making full disposition of all his earthly possessions. The personal property was clearly disposed of by the will. It is nowhere disposed of by the

codicil. What, then, did the testator intend should be come of it? To uphold the contention of appellee gift must be said that the testator revoked the disposition of this personality and then gave it to no one. This certainly is not the result which he intended to accomplish. The general rule of construction is that "a clear gift cannot be cut down by any subsequent words, unless they show an equally clear intention." In re Lewis's Appeal, 108 Pa. 133. We can in the present case limit the sense or meaning of the codicil in a way to allow both will and codicil to take effect, and by so doing find and effectuate the declared intention of the testator. Marshall, Executor v. Hudley, 50 N. J. Eq. 547, 25 Atl. 325. The decree of the learned chancery court will be reversed and the cause remanded.

*Reversed and remanded.*

TOTH v. MISSISSIPPI FARMS CO.

APPEAL AND ERROR. Finding of chancellor.

The decision of a chancellor where the evidence is conflicting will not be disturbed on appeal, since he is better able to determine the truth of the matter than the appellate court.

Appeal from the chancery court of George county. HON. W. M. DENNY, JR., Chancellor.

Suit by Clarke Toth against the Mississippi Farms Company. From a decree for defendant, complainants appeals.

The facts are fully stated in the opinion of the court.