HOLCOMB et al. v. HOLCOMB.

(Division A. Feb. 18, 1935.)

[159 So. 564. No. 31567.]

Cowles Horton, of Grenada, for appellants.

E. W. Smith, of Clarksdale, for appellee.

**McGowen, J.,** delivered the opinion of the court.

In April, 1934, D. L. Holcomb died testate in Grenada county, Mississippi. On June 15, 1921, D. L. Holcomb executed his holographic will, which was duly probated subsequent to his death. His wife predeceased him. The will, which was probated, is here set forth:

"Estimate of Value.

"2 Brick Stores $4,000.00

"Balance in Block 3 $2,500.00

"All of Bl. that belongs to me $1,500.00

"And all of S½ S. 22 T. 22 R. 3 joining the town of Holcomb

"Parts sold about 296—$8,880.00

"D. L. Holcomb, Merchant and Planter

"Holcomb, Miss., 6/15/1921.

"I this day will to P. D. Holcomb 2 brick stores in the town of Holcomb on lots 10 & 11 Block 3 N. Ward H. and all the house & lots in Block C. S. W. and all lots & other houses in Block 3 N. W. H. and Three Thousand in Cash of my personal property and S½ of S. 22, T. 22 R. 3 less part sold to other parties. The balance of my estate to be divided equally between my wife Georgie Holcomb, C. L. Holcomb, Edwin D. Holcomb, Mrs. Hortense Darby, my children. This will is made while I am in good health and mind. I name as my legal attorneys & executors of my will, Edwin D. Holcomb & P. D. Holcomb, and if every one of my heirs is not satisfied with this will is to be barred from every part of my property. This is my last will and must be valid as such.

"D. L. Holcomb.

"Witness: J. W. Hayden

"[Seal of Mayoralty of Holcomb, Miss.]"

After the will had been probated, E. D. Holcomb, individually and as executor of the will, Mrs. Hortense Matthew, and Clyde Holcomb, on May 31, 1934, filed a petition making Dr. P. D. Holcomb, a resident of Coahoma county, Mississippi, a party defendant thereto; and alleged therein the death of their father, the testator; that the testator in his lifetime loaned to Dr. P. D. Holcomb two thousand two hundred dollars in the years 1929 and 1930; that the said loan was an advance on his anticipated legacy provided for in the testator's will; and that this sum of money was a loan and not a gift. They then presented to the court, with the petition, the following paper:

"September 9, 1933.

"This is to certify that I, D. L. Holcomb, have provided in my will that my son Dr. P. D. Holcomb, of Clarksdale, Miss., receive $3000 in cash out of my estate at my death, and further certify that I have loaned said Dr. P. D. Holcomb, $2200 and expect same to be repaid or deducted from the $3000 provided for him in my will.

"This the 9th day of September, 1933.

his

"D. L. X. Holcomb.

mark

"Witnesses

"R. V. Nason,

"J. M. Fancher."

The petition further alleges that this paper was executed by D. L. Holcomb; that he was over twenty-one years of age and of sound and disposing mind and memory; and that the instrument was then and there properly executed by him in the presence of the said two witnesses, who, in the presence and at the request of the said D. L. Holcomb, and also in the presence of each other, attested same as subscribing witnesses thereto, and sought the probation of this paper as a codicil to his last will in solemn form, and prayed that the paper be

admitted to probate as such. They also alleged that if the paper was not subject to probate, in that event, Dr. P. D. Holcomb should be charged with two thousand two hundred dollars by the executors in the settlement of the legacy bequeathed to him, and that the amount of two thousand two hundred dollars be retained by the executors from said legacy.

Dr. P. D. Holcomb, the appellee, appeared in the chancery court of Grenada county and filed his answer to the petition, denying therein that the paper alleged to be a codicil was testamentary in character, admitting that he had received two thousand two hundred dollars from his father, the testator, and denying that it was a loan, but rather that it was a gift from the testator to him. He further alleged that his father was about ninety years of age, and that at the time of the execution of the paper he was mentally incapacitated so to do, and tendered an issue devisavit vel non.

The demurrer, in brief, was to the effect that: (1) The writing was not testamentary in character; (2) was not legally sufficient on its face to constitute a codicil to a will; and (3) that the paper did not change, alter, or in any wise modify the last will and testament of the testator, and that it should be admitted to probate because there are no dispositive words in the instrument or any words of revocation of the bequest or devise in the will. The court below sustained the demurrer to the petition on the ground that the paper presented was not testamentary in character and finally dismissed the petition, from which decree the executors and beneficiaries named in the will prosecute an appeal to this court.

It will be observed in the will already probated that the testator devised certain real estate to the appellee, Dr. P. D. Holcomb, and also bequeathed him three thousand dollars, and that his wife and children were to take the balance of his estate. The value or extent of his estate is not shown here. The will, on its face, was probated

as holographic; and it appears therefrom that the testator was not a lawyer and that neither the will, nor the paper alleged to be a codicil, was drawn by one expert in the language to be used in wills.

The question to be decided here is: Was the paper presented a codicil testamentary in its character, and can it be enforced as a part of testator's will?

A "codicil" is a clause, or clauses, added to a will by the testator after the will has been executed, and does not revoke the will, but is to be construed with it as one entire instrument. A codicil may confirm, revoke, explain, alter, modify, add to, or subtract from any one or all the provisions of a will, and it is never considered or construed independently of the original will, but in connection therewith. Vaughan v. Bunch, 53 Miss. 513; Joiner v. Joiner, 117 Miss. 517, 78 So. 369. If the dominant intent and purpose of a maker of a codicil may be ascertained from the codicil and will, it does not matter how awkwardly it may be expressed if clearly stated, and it is construed liberally to carry out that purpose. Davenport v. Collins, 96 Miss. 716, 51 So. 449.

The language particularly here under review is the expression, "and expect same to be repaid or deducted from the three thousand dollars provided for him in my will." It is said that the expression is precatory, which renders the instrument uncertain, vague, and ambiguous, and therefore cannot be recognized as a codicil to reduce the specific legacy of three thousand dollars provided for in the original will.

It is quite clear that the testator had in mind his will in which he had bequeathed three thousand dollars to his son, P. D. Holcomb, when he executed this paper. He refers to the will and states the exact amount of the legacy bequeathed to his son, and then says that he has loaned his son, Dr. Holcomb, two thousand two hundred dollars; and it is quite evident that he wanted to charge the legacy of three thousand dollars with the two thousand

two hundred dollar loan, for he says: "I . . . expect same to be repaid or deducted from the three thousand dollars provided for him in my will." He did not intend that the two thousand two hundred dollar loan should be collected except from the legacy, and to be due when the legacy was payable to him. He evidently had in his original will considered the objects of his bounty and the amount he desired each to have relatively. He did not want to disturb this legacy, but having advanced two thousand two hundred dollars of it, as he considered, it is clear to us that he directed the executors to deduct the amount he had advanced subsequent to the execution of his original will in order to carry out consistently the ratio which he had set up as between Dr. Holcomb and the several legatees and devisees of the will.

We know of no reason why a testator should not be allowed to do this. He executed his original will in 1921. When, in 1929 or 1930, he advanced the appellee, Dr. Holcomb, two thousand two hundred dollars, it is clear from the instrument that it was his will that this amount should be deducted from the legacy which he had theretofore bequeathed Dr. Holcomb. He had a right to do so; and no particular form is required or set up as a standard by which testators are bound, in expressing their intention, as to the disposition of their property. The object of a court is always to find out the intention of a testator, if it be expressed in the paper, and the testator has a right to execute a will as he wishes so that it does not violate the law. Low v. First Nat. Bank & Trust Co., 162 Miss. 53, 138 So. 586, 80 A. L. R. 112; Hiserodt v. Hamlett, 74 Miss. 37, 20 So. 143.

It is clear also that the testator intended the word "expect" to be dispositive in its interpretation, and that it was directed to his executors, because the executors, under the terms of the will, were the only persons intrusted with the administration of his estate, and consequently, under the law and the terms of his original

will, were the only persons who could make payment of the legacy provided in the original will. The word is not hortatory, but dispositive. Nor do we think it was left to the discretion or judgment of Dr. Holcomb or the other executor. We are of the opinion that the expression was meant to govern and direct his executors in the administration of his estate. It was not the expression of a mere proper course of procedure.

Webster's New International Dictionary, 1931 Edition, thus defines the word "expect;" "To look for (mentally), to look forward to, as to something about to happen or come; to have a previous apprehension of whether good or evil; to look for with some confidence." The word once meant "to demand, to require (now obsolete)." The testator here was a very old man. The word "expect" in the connection here used by the testator is stronger in its implication of command than the word "desire"— more imperative in its nature. And in the case of Wade v. American Col. Society, 7 Smedes & M. 663, 45 Am. Dec. 324, the word "request" was held to be imperative as there used; and the court there said that the testator's intention must be carried into effect if it be not opposed to the law of the land. See, also, Red v. Powers, 69 Miss. 242, 13 So. 586. Likewise the language, "it is my desire," was held to be imperative and dispositive in Lucas v. Lockhart et al., 10 Smedes & M. 466, 48 Am. Dec. 766. We are of the opinion that the language is imperative and dispositive, and that when the word "expect" is given, the meaning intended by the testator is that the entire paper is testamentary in character.

Counsel for the appellee, in an effort to uphold a decree in the court below, cites the case of Young v. Wark, 76 Miss. 829, 25 So. 660, in which case Sadler died and left only the following instrument, found in his room after his death: "Want Sarah relatives have all property. S. A. M. Sadler." The court construed this instrument, after it had been probated in common form, to be neither

in form nor substance a will. It was simply an undated scrap of paper, and did not in form or in fact purport to be a declaration of the testator's intention as to the disposition of his property after his death. At most, it raised mere conjecture. There was not an original will as in the case at bar.

In the case which we are here considering, the testator went through all the formality of executing the paper as a codicil of his will, he mentioned the fact that he had made a will, described the legacy to his son, had two witnesses to sign it, and no other purpose can be ascribed to the testator than that he intended, because of subsequent event, to charge Dr. Holcomb with the amounts he had advanced, as he thought in payment of the legacy in his lifetime; and the direction could have been addressed to no other person than the executors. We do not think the case of Young v. Wark, supra, has any application whatever to the paper here under consideration.

Appellee also cites the case of Newboles v. Newboles, 169 Ark. 282, 273 S. W. 1026, 1027, wherein the paper under consideration was nothing more or less than a declaration of the alleged testator that he had decided not to make a will in favor of certain persons, and the Supreme Court of Arkansas held that that instrument did not refer to or revoke any other will, was neither dispositive nor appointive in its nature—quite different from the codicil here under consideration.

What we have said disposes of appellee's contention that the legacy herein of three thousand dollars is not revoked in the manner as required by section 3551, Code 1930, which section applies only to express revocation. Implied revocation has always been recognized in Mississippi. But we have determined that the language and intention of the testator in this case is clear; that it is not ambiguous; and that the use of the word "expect" meant that the testator looked to his executors with confidence

that they, the executors, would retain the two thousand two hundred dollars advanced by him in his lifetime in payment of the legacy of three thousand dollars. Clearly and unambiguously in his will, he bequeathed Dr. Holcomb three thousand dollars; clearly and unequivocally he directed that from this three thousand dollars there should be deducted two thousand two hundred dollars, which he had advanced or paid to the legatee in his lifetime.

In Brown v. Franklin, 157 Miss. 38, 127 So. 561, 563, this court said: "Words of desire, or other similar expressions, when used for the purpose of declaring the manner of the disposition of the testator's property after his death, and not as a request or prayer directed to a devisee or legatee concerning the devise or legacy given him, are words commanding disposition and are testamentary in character," thereby approving the language of Alexander's Commentaries on Wills, p. 1579. To hold otherwise would be to say that the testator in executing this paper had no purpose; that he was calling in witnesses and writing a paper for pastime or amusement. Courts are not reduced to such an exigency in a case like this; but the construction is liberal rather than narrow.

So the demurrer in this case should have been overruled, and in so far as it now appears the codicil should be admitted to probate. However, there is pending in the lower court an issue devisavit vel non, which is a question of fact to be determined in the court below. With the view herein announced, we deem it unnecessary to determine whether or not the alternative prayer of the petition renders it multifarious, as that would seem to disappear from the case.

Reversed and remanded.