KLEIN *et al. v.* GAINES *et al.*

(In Banc. March 22, 1948.)

[34 So. (2d) 488. No. 36732.]

872

See also 34 So. (2d) 489.

**Gilbert & Cameron,** of Meridian, for appellants.

**S. M. Graham** and **A. B. Amis, Sr.,** both of Meridian, for appellees.

Argued orally by **C. B. Cameron**, for appellants, and by **S. M. Graham**, for appellees.

**McGehee, J.**, delivered the opinion of the court.

On March 15, 1938, Mrs. Elizabeth McMillan, now deceased, executed a last will and testament devising unto Mrs. Effie Farmer, a beloved and long time friend who was given to the testatrix at birth and whom she had treated as a daughter through the years, a certain residence and lot in the City of Meridian, and unto her colored friends Octavia Howard and Albert Gaines, respectively, a house and lot each; and further provided that all the residue of her estate, consisting of ''real, personal and

mixed property of every kind and character and wherever located'' be given, devised and bequeathed unto ''my friend Mrs. Maggie Klein of Meridian, Mississippi, in fee simple.''

On May 28, 1946, Mrs. McMillan died at the age of ninety-three years, and left no children surviving her. Nor did she have any children at the time she executed the will hereinbefore mentioned. On January 15, 1946, she made in her own handwriting, and dated and signed, the following instrument, which was found in an envelop with the former instrument after her death; to-wit:

''In my formal will I left personal & real estate to Mrs. Maggie Klein. I revoke that and leave all to daughter & son, Lillian and son Louis. Klein all I have real and personal, this is my wish for favors rendered to me and want it recorded, unable to get to bank, *cripped,* cant walk, see it carried out.''

The appellants Lillian and Louis Klein filed their petition on June 8, 1946, for the probate of this last instrument as the sole last will and testament of Mrs. McMillan, making the beneficiaries under the will of March 15, 1938, parties defendant thereto. The defendants Mrs. Effie Farmer, Albert Gaines and Octavia Howard filed an answer in which they denied that the testatrix intended by the instrument of January 15, 1946, to revoke the formal will of March 15, 1938, in its entirety, but only the devise therein to Mrs. Maggie Klein, who the record shows had become about eighty years of age and an invalid and who had other children who had not ministered to the needs of the testatrix in such measure as was done by her son and daughter Louis and Lillian Klein. They made their answer a cross-bill and asked that the will of March 15, 1938, be received for probate as the last will and testament of Mrs. McMillan, but as modified by the instrument of January 15, 1946, hereinbefore quoted.

The defendants also asked that testimony be heard as to the facts and circumstances surrounding the testatrix when she executed the last instrument, as showing

what she intended by the modification of the "formal" will. This was all done and a decree was rendered in accordance with the prayer of the cross-bill.

We are of the opinion that the decree was correct, aside from the fact that the testimony given by one witness, offered by the appellants (if competent because of any supposed ambiguity) on the issue of whether the circumstances and the friendly relationship between the parties had so changed as to cause the testatrix to want to revoke the specific bequests to Mrs. Effie Farmer, Albert Gaines and Octavia Howard was insufficient to overcome that of the several witnesses who testified to the contrary.

It will be noted from the last instrument that the testatrix did not write that in her "formal" will she had left real estate to Mrs. Effie Farmer, Albert Gaines and Octavia Howard and "personal & real estate to Mrs. Maggie Klein," and that I revoke all that and leave "all to daughter & son, Lillian and son Louis Klein all I have real and personal," but that she mentioned only the fact that she had "left personal & real estate to Mrs. Maggie Klein," and that "I revoke that . . ." We think that when she wrote "and leave all to daughter & son, Lillian and son Louis Klein all I have real and personal" she meant all that Mrs. Maggie Klein would have otherwise received in real and personal property as the residue of her estate after taking into consideration and deducting the specific devises of realty to the other beneficiaries.

The situation here is the same as if the later writing had been endorsed on the original instrument and had said that in the within document I have made a certain devise to a named individual and "I revoke that." A codicil does not work a revocation except to the precise extent that it either expressly or by necessary implication modifies the former provisions. Underhill on Wills, Vol. 1, p. 343. And "where a devise or bequest in a will is clear and free from doubt, the intention to revoke by a codicil must be equally clear and explicit in order to work a revocation." McGehee v. McGehee, 74 Miss. 386, 21 So.

2, 3; Joiner v. Joiner, 117 Miss. 507, 78 So. 369. In the Joiner case, at page 517 of 117 Miss., page 370 of 78 So., it is said: "A devise contained in the will should not be upset unless the words employed in the codicil show a manifest intention to revoke the gift contained in the will, or unless such intention to revoke is necessarily inferable from the words of the codicil." The case must therefore be affirmed.

Affirmed.