355 So.2d 302 (1978)
Adele B. HEMPHILL
v.
Jerry ROBINSON.
No. 49452.
Supreme Court of Mississippi.
February 22, 1978.
*303 Brewer, Deaton & Evans, Norman C. Brewer, Jr., Greenwood, for appellant.
Gray, Montague, Jackson & Pittman, James C. Pittman, Jr., Sullivan & Sullivan, R.M. Sullivan, Hattiesburg, for appellee.
Before PATTERSON, C.J., and SUGG and WALKER, JJ., and ADAMS, Commissioner.
GEORGE F. ADAMS, Commissioner for the Court:[1]
The principal questions involved on this appeal are whether a quitclaim deed from Vassar D. Hemphill to Mrs. Bessie Hemphill Robinson was delivered and the construction of the Last Will and Testament and Codicil of Mrs. Bessie Hemphill Robinson.
Jerry Robinson filed a bill of complaint in the Chancery Court of the First Judicial District of Carroll County against Mrs. Adele B. Hemphill on November 29, 1966. Complainant alleged that he inherited the east half of the west half of the northwest quarter of Section 16, Township 19, Range 2 East from his mother, Mrs. Bessie H. Robinson who died December 26, 1956. He alleged that the defendant, Mrs. Adele B. Hemphill, was the widow of Vassar D. Hemphill, who died on December 1, 1960, and that Vassar D. Hemphill devised her all of his property except two small bequests of money to other persons.
*304 Complainant alleged that Vassar D. Hemphill, during his lifetime, and defendant, after the death of Vassar D. Hemphill, used and possessed the land of complainant from December 26, 1956.
The bill was dismissed September 30, 1967 for failure of complainant to answer interrogatories propounded by defendant. On appeal to this Court we reversed and reinstated the bill of complaint. Robinson v. Hemphill, 229 So.2d 827 (Miss. 1969), (Rehearing denied 1970). Thereafter, on December 22, 1970, complainant filed another bill of complaint against defendant in a separate cause and alleged that his mother owned at the time of her death two tracts of land described as follows:
Tract Number One
The East Half (E 1/2) of the West Half (W 1/2) of the Northwest Quarter (NW 1/4), Section 16, Township 19, Range 2 East, First Judicial District of Carroll County, Mississippi (all of this land, or substantially all, lying North of Highway 82, and containing 40 acres, more or less)
Tract Number Two
The East Half (E 1/2) of the Southwest Quarter (SW 1/4), Section 16, Township 19, Range 2 East, and the East Half (E 1/2) of the Northwest Quarter (NW 1/4), Section 21, Township 19, Range 2 East, First Judicial District, Carroll County, Mississippi (all of this land, or substantially all, lying South of Highway 82, and being 160 acres, more or less).
Complainant further alleged that his mother in her Last Will and Testament dated January 21, 1943, devised to her brother, Vassar D. Hemphill, the land which adjoined Vassar D. Hemphill on the south side of Highway 82; that testatrix devised and bequeathed to complainant all of her property not otherwise specifically devised in the Will; and, by Codicil dated August 19, 1954, testatrix modified the initial devise to Vassar Hemphill. The provisions of the Will and Codicil pertaining to the devise to Vassar D. Hemphill follow:
Will
If I die before my brother Vassar Hemphill I want him to have the land belonging to me, that adjoins his on the south side of Highway 82 He having paid taxes on said land for 12 years.
Codicil
First of all I want the few acres of land on South side of road to go to my brother, Vassar D. Hemphill who has paid all my taxes and everything he could, since 1934... .
Complainant further charged that, after his mother's death in 1956, he requested possession of the land passing to him under his mother's Will from Vassar D. Hemphill, but that Vassar D. Hemphill, instead of delivering possession of the land to him, took him to the courthouse at Carrollton, Mississippi and showed him a deed dated May 15, 1934, signed by his mother, which conveyed the land involved in the suit plus 80 acres in Tallahatchie County to Vassar D. Hemphill.
Complainant further alleged that Vassar D. Hemphill concealed the fact that he reconveyed the property to complainant's mother by deed dated May 29, 1934. The deed from Vassar D. Hemphill to complainant's mother was discovered in 1966 and complainant alleged that it had been in his mother's possession until her death but had not been recorded; that immediately upon its delivery to complainant he caused the deed to be recorded. Complainant alleged that he was the owner of all of the land designated as Tract I, all of Tract II except for a "few acres on the south side of the road", and requested the court to construe the meaning of the phrase.
Complainant prayed that the Will of his mother be construed and that his title be confirmed; that defendant be required to make an accounting for the use of his land since December 26, 1956; that defendant be directed to secure the release of the land from any deed of trust which she had executed, or in lieu thereof, that he be granted a lien against that part of Tract II determined to be owned by defendant to secure payment of any indebtedness created by her against complainant's land.
*305 Defendant answered and admitted that the Will of Mrs. Bessie Hemphill Robinson was duly executed, but disagreed with complainant's interpretation thereof, admitted that the deed from Vassar D. Hemphill to Mrs. Robinson was found in 1966 but denied that complainant made any request for possession of any land and alleged that complainant knew that the land was the property of Vassar D. Hemphill by virtue of a recorded deed which conveyed the land to him. Defendant denied that her husband concealed from complainant any fact pertaining to the estate of his mother. Defendant also asserted as affirmative defenses: (1) the property which is the subject of the suit descended to Vassar D. Hemphill under the terms of the Last Will and Testament of Mrs. Bessie H. Robinson, (2) there was no delivery or acceptance of the deed from Vassar D. Hemphill to Mrs. Bessie H. Robinson, (3) that complainant was estopped to assert claim to a title through the deed from Vassar D. Hemphill to Bessie H. Robinson, (4) that complainant was not entitled to maintain his suit because of laches and the defendant and her predecessor in title had adversely possessed the land since May 29, 1934.
The two cases were consolidated for trial by agreement of the parties. The final decree granted complainant possession of Tract I and all of Tract II with the following exception: "Less, on the south side of Highway 82 a few acres of land which adjoin the land of Vassar Hemphill on January 1, 1954." The decree did not describe the exception. The decree also directed defendant to secure a release of complainant's land from all deeds of trust given by her or her predecessor in title and that a lien in favor of complainant be impressed on defendant's land to secure the sum necessary to cause the release of complainant's land from the deeds of trust. The lien was to remain on defendant's land until complainant's land was released from the deed of trust. No provision was made in the decree for an accounting by the defendant.
The testimony showed that L.S. Hemphill and Ida Martin Hemphill were the parents of Vassar D. Hemphill, Mrs. Bessie Hemphill Robinson, James Hemphill and Everett Hemphill. L.S. Hemphill owned extensive acreage in Carroll County along Highway 82 and his home was located at Valley Hill, approximately ten miles from Greenwood, Mississippi between Greenwood and Carrollton on Highway 82. L.S. Hemphill died about 1924 and his land descended to his widow and children. The land involved in this suit descended to Mrs. Bessie Hemphill Robinson.
Mrs. Robinson, her husband and her son, the complainant, lived in Tallahatchie County until her husband died in 1933. After his death, Mrs. Robinson moved to the family home in Carroll County in 1934 and shared the home with her mother, her brother, Everett, and his wife, Myrtis Hemphill.
Mrs. Robinson continued to live in the old home place until shortly before her death on December 26, 1956. About four or five months before her death she became feeble and was moved to Greenwood. Mrs. Robinson's mother died about 1951 and her brother Vassar died in December, 1960. There was an old safe located in the family home which was used by Mrs. Robinson and other members of the household. After the death of Mrs. Ida Hemphill and Mrs. Robinson, Everett Hemphill and his wife Myrtis continued to reside in the home place until the death of Everett. Myrtis, the wife of Everett, was the last to die and just before her death moved to an apartment in Greenwood. Myrtis requested that her personal belongings be brought to her from the old safe which was located in the old home place. When the safe was opened, the deed from Mrs. Robinson to Vassar D. Hemphill and the deed from Vassar D. Hemphill to Mrs. Robinson were found and Myrtis had the deeds sent to complainant who promptly recorded the deed from Vassar D. Hemphill to his mother on July 8, 1966.
It is without dispute that the unrecorded deed from Vassar D. Hemphill to Mrs. Robinson was found in the safe in the home where Mrs. Robinson had lived until shortly before her death. There is no evidence that Vassar ever used or attempted *306 to use the safe located in the old home place. To the contrary, Vassar had other depositories, one at his gin, one at his bank, and one in a safe in his home.
The chancellor found there was a valid delivery of the deed from Vassar D. Hemphill to Mrs. Robinson and that Mrs. Robinson was the owner of the land described as Tracts I and II. The two deeds included eighty acres of land in Tallahatchie County. The Tallahatchie County land remained on the tax assessment rolls in the name of Mrs. Robinson, she conveyed the land to B.M. Wells on January 4, 1935, she accepted a reconveyance from Wells on February 1, 1936, and executed a deed of trust thereon in favor of Vassar Hemphill on November 5, 1936. Finally, she sold the Tallahatchie County land to J.M. Lay and wife by deed dated October 6, 1956. This treatment of the Tallahatchie County land by Mrs. Robinson strengthens the chancellor's finding that there was a valid delivery of the deed from Vassar D. Hemphill to Mrs. Robinson. We therefore hold that the chancellor correctly held that Mrs. Robinson was the owner of the land designated as Tracts I and II at the time of her death.
The proof also showed that Vassar Hemphill was considered to be the "brains" and businessman of the Hemphill family; that even before his father's death, Vassar began to farm his father's land, and after his death continued to farm the land, including that which had descended to Mrs. Robinson, as he had always done. We are of the opinion that the evidence showed that Vassar Hemphill occupied a fiduciary relationship to his sister, Mrs. Robinson and therefore defendant's claim of adverse possession based on Vassar's use of the land is not well taken. Furthermore, his use of the land was not adverse to Mrs. Robinson during her lifetime.
Complainant was not guilty of laches because he filed the deed from Vassar Hemphill to his mother of record as soon as it was discovered in 1966 and shortly thereafter filed his suit.
We now turn to a construction of the Will and Codicil of Mrs. Robinson. In her Will she devised her brother, Vassar D. Hemphill, that part of her land that adjoined his on the south side of Highway 82. In the Codicil she changed this devise to read: "I want the few acres of land on south side of the road to go to my brother, Vassar D. Hemphill who has paid all my taxes and everything he could, since 1934... ."
The provision in Mrs. Robinson's Will devising her brother that part of her land adjoining his on the south side of Highway 82 is clear and unambiguous. The problem in this case is construction of the Codicil so as to ascertain the intention of the testatrix in devising Vassar D. Hemphill "the few acres of land on south side of the road."
Certain fundamental rules of construction of Wills are well established. The object of construction of a Will is to ascertain testator's intent. Holcomb v. Holcomb, 173 Miss. 192, 159 So. 564 (1935); Rives v. Burrage, 110 Miss. 789, 70 So. 893 (1916). A provision of the Will must, if possible, be construed so as to give effect to testator's intention. Lanham v. Howell, 210 Miss. 383, 49 So.2d 701 (1951) cert. denied 342 U.S. 834, 72 S.Ct. 57, 96 L.Ed. 631. A Will must be construed and the testator's intention ascertained from the usual and ordinary language expressed therein. The words of a Will are to be construed according to the rules of construction applicable to ordinary speech, except when technical terms are employed. Dealy v. Keatts, 157 Miss. 412, 128 So. 268 (1930); Harvey v. Johnson, 111 Miss. 566, 71 So. 824 (1916); Phelps v. Harris, 101 U.S. 370, 25 L.Ed. 855 (1879). Courts may not amend or reform a Will, neither may courts add to or take from a Will or make a new Will for the parties. Williams v. Gooch, 208 Miss. 223, 44 So.2d 57 (1950); Low v. First National Bank and Trust Co. of Vicksburg, 162 Miss. 53, 138 So. 586, 80 A.L.R. 112 (1931). Numerous cases dealing with the above rules of construction are to be found in Mississippi Digest, Wills, Nos. 435, 439, 440 and 456.
*307 Additionally, Wills are to be construed in the light of circumstances surrounding testator at the time the Will was written. In Re Grandberry's Estate, 310 So.2d 708 (Miss. 1975). See also Mississippi Digest, Wills, No. 441.
In Hemphill v. Mississippi State Highway Commission, 245 Miss. 33, 145 So.2d 455 (1962), we held that a Will and a Codicil must be considered together. Accord, Magee v. Magee's Estate, 236 Miss. 572, 111 So.2d 394 (1959); Joiner v. Joiner, 117 Miss. 507, 78 So. 369 (1918).
Applying the above rules of construction, we have no difficulty in holding that the Will of Mrs. Robinson is clear and unambiguous in her expressed intent to devise Vassar D. Hemphill all of the land owned by her south of Highway 82 which adjoined his land. The difficulty arises in ascertaining the intention of the testatrix in her 1954 Codicil when she stated, "I want the few acres of land on south side of road to go to my brother Vassar D. Hemphill... ." An examination of the Will and the Codicil in their entirety does not indicate what road the testatrix had in mind. Further, testatrix owned only 200 acres at the time of her death, 40 acres of the land lying north of Highway 82 described as Tract I, and 160 acres lying south of Highway 82 described as Tract II. The record is not clear as to the exact acreage in Tract II south of Highway 82, but we glean from the record that most of Tract II lies south of Highway 82. Certainly, 160 acres as compared to 200 acres would not be "a few acres". We are therefore unable to ascertain the intent of the testatrix from the language used in her 1954 Codicil and hold that the quoted portion of the Codicil is void for uncertainty.
In Johnson, et al. v. DeLome Land and Planting Co., 77 Miss. 15, 26 So. 360 (1899), we held that, where a Codicil failed because it was not executed as required by law, the Will remained in full force and effect. Applying the principle announced therein that where a Codicil fails, the Will remains, we hold that the devise to Vassar D. Hemphill is determined by the Will of Mrs. Robinson dated January 21, 1943, without regard to the Codicil. We hold that Mrs. Robinson devised Vassar D. Hemphill all of her land south of Highway 82 which adjoined his land on January 21, 1943. We therefore reverse and remand the case for a hearing to ascertain the description of the land of testatrix which adjoined Vassar Hemphill's land on the south side of Highway 82 on January 21, 1943.
On cross appeal the complainant contends he was entitled to an accounting for the use of the land from the date of the death of his mother until the time of trial. The chancellor did not provide for an accounting and in this we are of the opinion he erred. We now hold that the complainant is entitled to an accounting by the defendant from the date she possessed the land following her husband's death until the time of trial.
REVERSED AND REMANDED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.