FAIR, J.,
for the Court:
¶ 1. John "Whitehead Jr. died in 2008. His 1969 will and two subsequent codicils, one executed in 1969 and the other in 2007, were admitted to probate. His illegitimate son Jonathan, whom John acknowledged and for whom John had established an inter vivos trust, was specifically excluded as a beneficiary of the will by the second codicil.
112. In the probate proceeding, Jonathan sought a declaratory judgment that the testamentary trust failed and that he was entitled to one-sixth of his father’s residuary estate, an interpretation the chancellor rejected in granting summary judgment to Jonathan’s five half brothers. Aggrieved, Jonathan appeals. We affirm the judgment of the chancellor.
FACTS
¶ 3. John’s February 1969 will provided for his wife, Marie, and their four sons, John’s entire family at that time. The will established a family trust to support Marie during her life and thereafter to support their sons, specifically named in the will as beneficiaries, until each reached age thirty, at which time distribution of a proportionate share would be paid out until the last of the trust corpus was distributed to the youngest child when he reached age thirty.
¶ 4. In December 1969, John executed a codicil to the will that added as additional residuary trust beneficiaries “any child or children hereafter born of my marriage to *179 Marie Whitehead.” He specifically adopted the earlier will in the codicil. Marie was pregnant at the time.
¶ 5. Mark, John and Marie’s fifth son, was born on May 12, 1970. John had a sixth son, Jonathan Whitehead, out of wedlock on October 15, 1988. On December 28, 2007, John executed his second codicil acknowledging Jonathan as his son, readopting his prior will and providing that “[i]t is my intent that Jonathan Whitehead shall not inherit anything under my Last Will and Testament as I have made separate provision for him in that certain trust set up for his benefit.”
¶ 6. John died on December 5, 2009. The will and both codicils were admitted to probate without contest. The court recognized that Marie had died in 1998 and that John had six surviving sons. Two of Marie’s sons were appointed co-executors of the estate, since both the named executrix, Marie, and the alternate, John’s brother, were deceased. An heirship determination proceeding adjudicated the six children as John’s only heirs-at-law.
¶ 7. Thereafter, Jonathan filed a declaratory judgment action in the probate estate proceeding on December 6, 2010, in which he sought an interpretation of the will and its codicils so that the trust would be recognized as having never been established because Marie had predeceased John and all of their children had reached age thirty well before he died. Under Jonathan’s theory the residuary estate was not provided for in the will because of failure of the trust and would pass by intestate succession. He sought, therefore, an adjudication that he and his five siblings be recognized equally as John’s heirs-at-law and the residuary estate be apportioned accordingly into six equal “child’s shares” with one to be distributed to each child.
¶ 8. The co-executors filed for summary judgment on Jonathan’s declaratory judgment complaint on September 19, 2011. Briefs were filed, documents submitted, and arguments presented at a hearing on January 13, 2012. On January 25, 2012, the chancellor entered summary judgment, finding that:
“[A] will and a Codicil must be considered together.” Hemphill v. Robinson, 355 So.2d 302, 307 (Miss.1978). Furthermore, it is a paramount concern for the court to respect the intent of the testator. In re McSwain, 946 So.2d 417, 420 (Miss.Ct.App.2006). In interpreting a last will and testament, the Mississippi courts recognize “a presumption against intestacy” and “will construe wills to avoid intestacy where that may be reasonably done.” Matter of Last Will and Testament of Lawson v. Lambert, 792 So.2d 977, 978-[]79 (Miss.2001); Tinnin v. First United Bank, 502 So.2d 659, 663 (Miss.1987). When reading ... John J. Whitehead’s will, first codicil, and second codicil together, his intent is apparent. The testator clearly intended that his children with Marie Whitehead should inherit from his estate. The second codicil to the will clearly and explicitly states the testator’s intent to disinherit Jonathan from receiving any inheritance upon the testator’s death. According to Rule 56(c) of the Mississippi Rules of Civil Procedure, a motion for summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” The Court, upon reviewing the motions and supporting documents, as well as listening to oral arguments, finds that there are no genuine issues of material fact in dispute. The Court finds that John J. Whitehead’s will, first codicil, and second codicil are valid and the estate shall descend accordingly.
*180 ¶ 9. The chancellor entered a Rule 54(b) certification of finality of the decision on February 2, 2012, finding “no just cause for delay.”
STANDARD OF REVIEW
¶ 10. “We employ a de novo standard of review of a trial court’s grant or denial of summary judgment and examine all the evidentiary matters before it....” Davis v. Hoss, 869 So.2d 397, 401 (¶ 10) (Miss.2004). Summary judgment is proper when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c).
¶ 11. “The evidence is viewed in the light most favorable to the party opposing the motion.” Davis, 869 So.2d at 401 (¶ 10). “[A]n adverse party may not rest upon the mere allegations or denials of his pleadings, but his response ... must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e). Furthermore:
[Wjhen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are. immaterial, and the moving party is entitled to judgment as a matter of law.
Galloway v. Travelers Ins. Co., 515 So.2d 678, 684 (Miss.1987).
DISCUSSION
¶ 12. Jonathan’s argument relies on the following clause in the will, construction of which he correctly asserts is dispositive of this appeal:
The John J. Whitehead, Jr., Family Trust shall terminate upon the death of my wife, Marie Whitehead, or upon my youngest living child’s attaining the age of thirty years, whichever is last to occur.
He contends this termination clause would have been triggered immediately upon John’s death, and consequently no trust can come into existence. Since the will has no other residuary clause, he contends the entire residuary estate should pass according to the law on intestate succession, entitling him to a child’s share notwithstanding that the second codicil prohibited him from inheriting anything “under the will.”
¶ 13. While this is a clever argument, Jonathan fails to establish its first premise. No authority has been presented to support his assertion that the trust is invalid simply because the conditions now-existing are such that it must immediately disburse its assets to those for whom it was established. In fact, no authority whatsoever concerning the creation or operation of trusts has been presented.
¶ 14. Jonathan’s proposition is not self-evident, and “there is a presumption that the judgment of the trial court is correct and the burden is on the Appellant to demonstrate some reversible error.” Acker v. State, 797 So.2d 966, 971 (¶ 18) (Miss.2001) (citation omitted). We are not obligated to scour the law to find support for Jonathan’s claims; “[i]t is the duty of an appellant to provide authority in support of an assignment of error.” Jones v. Howell, 827 So.2d 691, 702 (¶ 40) (Miss.2002). Assertions of error not supported by citation to authority are deemed abandoned. Id.
¶ 15. Moreover, as the appellees point out, the termination clause is only effective “upon [John’s] youngest living child’s attaining the age of thirty years.” Jonathan himself is actually John’s youngest living child, and he has not yet reached thirty *181 years of age. He was born on October 15, 1988. The termination clause trigger does not limit itself to John’s children of his marriage or to those children that are beneficiaries of the testamentary trust.
¶ 16. Since no error has been shown, we affirm the judgment of the trial court.
¶ 17. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.